7 Cal.Rptr. 384]

## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4403. Aug. 19, 1960.]

THE PEOPLE, Respondent, v. JOE KEITH DAWSON,
Appellant.

Glass, Allen & Roberts for Appellant.

William B. McKesson, District Attorney (Los Angeles), Harry Wood and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

SWAIN, P. J., and HULS, J.—The defendant was convicted of violating Vehicle Code, section 23102, subdivision (a). He appeals from the judgment and the order denying a new trial. The judgment should be reversed with directions to dismiss Municipal Court action No. M-15884 for two reasons among others: (1) That the hearsay statements contained in the statutory notice of revocation of defendant's driver's license were permitted to be read to the jury at the outset of the trial over defendant's objections and before said notice had been received in evidence. It should not have been in evidence at all as to Count I as it was clearly prejudicial. (2) It is uncontradicted that defendant requested his own doctor be called who was in Downey where the arrest took place, at his own expense, that his request was not granted; that he wanted his doctor to be present at the blood test as a witness thereto and for her to have a sample of it. The opinion in *In re Newbern* (1959), 175 Cal.App.2d 862, states at page 866 [1 Cal.Rptr. 80] : "While there is no duty or obligation on the law enforcement agencies to give a blood test under these circumstances, the arrested person, on his own behalf, should be entitled to a reasonable opportunity to attempt to procure a timely sample. To refuse him such reasonable opportunity is to deny him the only opportunity he has to defend himself against the charge."

 We, therefore, hold that it was error to deny the defendant a reasonable opportunity to call a doctor of his own

choice and at his own expense to give him a blood test at a time when he was suspected of being under the influence of intoxicating liquor. This error cannot be remedied by a new trial. This right of a defendant does not prevent the police from making their own test of the defendant's blood even before the arrival of defendant's doctor. The police may make such a test even without the consent of the defendant.

In *People* v. *Conterno* (1959), 170 Cal.App.2d Supp. 817, we held, page 827 [339 P.2d 968], that a defendant "under lawful arrest does not have any constitutional right under California Constitution, article I, section 13" (*i.e.,* his right against self-incrimination) "to decline such a test, properly administered; and that no federal constitutional right is violated . . . ." We further held, page 827, "The taking of a sample of blood or breath for such a test, incident to a lawful arrest, does not constitute an unlawful search or seizure, under California Constitution, article I, section 19. Chief Justice Gibson, speaking for the court in *People* v. *Duroncelay, supra* (1957), 48 Cal.2d 766, at page 772 [312 P.2d 690] states . . . 'the taking of a sample for such a test without consent cannot be regarded as an unreasonable search and seizure where, as here, the extraction is made in a medically approved manner and is incident to the lawful arrest of one who is reasonably believed to have violated section 501 of the Vehicle Code' . . . ." We are not called upon to decide whether the police may use force in making such a blood test, but the law is clear that if the defendant refuses to submit to such a police test, the fact of his refusal may be proved at the trial and the jury may be instructed accordingly.

The judgment is reversed with instructions to dismiss the action. The appeal from the order denying a new trial is dismissed.

SMITH, J.—I concur in the result reached by the majority opinion. I cannot agree that *In re Newbern* (1959), 175 Cal.App.2d 862 [1 Cal.Rptr. 80], requires this result since the basic rule of that case is merely that he is entitled to "a reasonable opportunity to attempt to procure a timely sample," which was afforded him in this case. However, the next logical step in the development of that principle is to afford each side an opportunity to take a blood sample and without the other side being able to delay the test. The majority opinion gives to the defendant full protection and at the same time assures to the prosecution either a prompt test or the right to an instruction to the jury as to the infer-

ence which may be drawn from a refusal. This clarification of the rights of both sides is a forward step in the development of the law.