[Crim. No. 6737.  In Bank.  Oct. 27, 1960.]

In re RUDOLPH J. KOEHNE, on Habeas Corpus.

Richard E. Erwin, under appointment by the Supreme Court, for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney for Respondent.

WHITE, J.—The petitioner, Rudolph J. Koehne, was convicted by a jury in the Municipal Court of the Los Angeles Judicial District of three violations of section 41.27(a) of the Los Angeles Municipal Code (drunk in and about a public place), occurring on the 16th, 17th and 19th of July, 1960. He was sentenced to 50 days imprisonment in the city jail for each violation, the sentences to run consecutively.

The petitioner alleges that law enforcement officers denied him the right to call and obtain the services of a private physician for the purpose of withdrawing samples of blood and determining the alcoholic content thereof. Based on such allegations, and the contention that the denials of the alleged requests constitute a denial of due process of law (see *In re Newbern*, 175 Cal.App.2d 862 [1 Cal.Rptr. 80]), an order to show cause was issued and the petitioner was ordered released on bail in the sum of $500 pending the final determination of this proceeding. Counsel was appointed to represent the petitioner.

In the Newbern case it was held to be a denial of due process of law to refuse to permit a person charged with being drunk in a public place to call a doctor, at his own expense, to take a sample of his blood for the purpose of determining the percentage of alcohol present therein, as evidence necessary to his defense. It was held to follow in the Newbern case that, as every person accused of crime, including drunks, has a constitutional right to a fair trial and the right to summon

witnesses in his own defense (Const., art. I, § 13), that such right cannot, consistent with due process of law, be denied by the simple expedient of not affording to an accused a reasonable opportunity to attempt to procure a timely sample of his blood. ▉▉▉ It is significant, however, that the law does not impose upon law enforcement agencies the requirement that they take the initiative, or even any affirmative action, in procuring the evidence deemed necessary to the defense of an accused. Rather it is the accused who must act to protect his interests, and it is only when he is denied an opportunity, reasonable under the circumstances, to procure a timely sample of his blood that he can properly claim a denial of due process. (*In re Newbern, supra,* 175 Cal.App.2d 862, 866 [1 Cal.Rptr. 80].)

In the present case the return to the order to show cause fails to bear out the allegations of the petitioner. His testimony, and the testimony which he elicited from the arresting officers on cross-examination, fail to demonstrate that he was not afforded a reasonable opportunity to procure a private physician at his own expense. As to the first violation, that occurring on the 16th of July, the petitioner testified in the trial court that when informed by the officer that he was being arrested as a drunk, ''I asked him for the blood test, to be allowed to prove what he's alleging.'' The only testimony relating to the officer's response is that of the officer who, when questioned by the petitioner as to whether he would be allowed to have a blood test, responded: ''I stated that you could, at your own expense, at the time you were taken down at the jail you could phone your own doctor and have him come down and take your blood test.''

As to the second arrest, that occurring on July 17, the petitioner testified that he asked the arresting officer, at the time of the arrest: ''I'll be allowed to take a blood test?'' The only testimony of the response of the officer was that the blood test would be at the petitioner's own expense.

At the time of the final arrest the arresting officer testified that the defendant made no request for a blood test. The petitioner testified only that ''I asked the officer for the blood test, yes, I told him I was going to request a blood test. He doesn't recall it. Like he states, he makes numerous arrests and, of course, he might not even have heard me. I don't know, may not recollect it.''

▉ The foregoing fails to demonstrate that the petitioner

ever made a request that he be permitted to procure a doctor at his own expense. It is true that he indicated his desire to have blood tests taken, but he never stated that he was in a position, or was willing, to bear the expense of calling his doctor. Nor does it appear that he made known his wishes at the time of "booking" at the jail but only at the times and places of his arrests when arrangements for the attendance of a doctor could not reasonably be made. It further appears that at the time of his arrests, at least on the two occasions where there is no dispute as to whether he requested blood tests, he was advised that he could make arrangements at his own expense. In these circumstances it cannot be successfully contended that the petitioner was denied the rights here involved. Rather, it appears, the petitioner failed to avail himself of rights which the arresting officers advised him were his.

While, as stated, one accused of being drunk is entitled to a reasonable opportunity to procure a timely sample of his blood at his own expense, it cannot be reasonably held that, even though such a request is made to the arresting officer, it is the latter's duty while escorting the prisoner to a police call box or otherwise at the scene of the arrest, to permit his prisoner to telephone a physician. The request should be made at the police station when the arrested person is "booked" and where telephonic facilities for making such a call are available. In the instant case the record is barren of any evidence that the petitioner made such a request to the jailer or other officers upon or after his arrival at the station. For the foregoing reasons the petition for a writ of habeas corpus on the grounds urged lacks substance and is without merit.

The order to show cause is discharged, the petition is denied, and the petitioner is remanded to custody.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.