[Crim. No. 6739. In Bank. Mar. 9, 1961.]

In re EMERY NEWBERN on Habeas Corpus.

Edward Molkenbuhr, Jr., under appointment by the Supreme Court, for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondent.

WHITE, J.—This is a petition by Emery Newbern in propria persona for a writ of habeas corpus, claiming illegal detention after a conviction of intoxication in violation of the Los Angeles Municipal Code, section 41.27 (a). (Municipal Court, Los Angeles Judicial District, case No. D118158.) The petitioner also complains of claimed illegal detentions in two additional instances wherein he was charged with violations of the same ordinance on August 12 and 13, 1960. (Municipal Court, Los Angeles Judicial District, case Nos. 97493 and A31090, respectively.) Our order to show cause issued, the petitioner was released on the posting of bail in the amount of $250 pursuant to our order, and counsel was appointed to represent petitioner in the instant matter and in *In re Newbern, ante,* p. 500 [11 Cal.Rptr. 547, 360 P.2d 43], then also pending before this court.

It appears that petitioner was arrested and charged with intoxication on February 1, 1960. Upon his plea of not guilty, bail was fixed at $50 and the petitioner was committed for want thereof. The matter came on for trial before a jury on February 29, 1960, the petitioner appearing in propria persona. A verdict of guilty was rendered on March 1, 1960. On March 4, 1960, the petitioner was sentenced to 150 days

in the city jail of the city of Los Angeles. He filed a notice of appeal and bail on appeal was fixed at $200. On March 7, 1960, bail bond was posted and the petitioner released. Following the affirmance of the judgment on appeal, the petitioner was recommitted on August 15, 1960. While at liberty on the appeal bond petitioner was arrested on August 12 and again on August 13, for intoxication. Both of these matters are pending in the trial court and the petitioner was under restraint for want of bail in each of those cases when, on October 6, 1960, pursuant to our order to show cause directed to the Chief of Police of the City of Los Angeles, the petitioner was again released on bail in the amount of $250.

The petitioner asserts two contentions as constituting grounds for issuance of the writ following his February 1, 1960 arrest. He claims first that he was denied an opportunity to procure at his own expense a physician for the purpose of drawing a timely sample of his blood to determine its alcoholic content following his arrest. This contention was urged at the trial and it appears from the transcript therein, made a part of the return to the order to show cause, that there was conflicting testimony as to whether the petitioner was afforded such an opportunity. Four police officers testified that petitioner was offered transportation to the Central Receiving Hospital for the purpose of a blood test and that he had refused the offer. Such offers were made at the scene of the arrest by the arresting officer, and during transportation to and upon arrival at the police station by the transporting officers. There was testimony to the effect that the reason the unusual offers were made was that the petitioner's identity and his proclivity for filing various writs in proceedings of this nature were ascertained from documents he was carrying at the time of his arrest. The petitioner testified that he was not offered an opportunity to have a blood sample drawn and that he made four requests after his booking, all of which were ignored. He testified further that the requests were made of four unidentified policemen who happened to be passing his cell on unspecified missions after the booking. He claims that he posted two cell mates in positions where they could hear the requests and the responses. Those persons did not appear as witnesses nor was their identity disclosed by the petitioner. It does not appear that any request for the attendance of a physician was made at the time of booking.

The trial court determined that an opportunity to call a physician had been afforded the petitioner. The court expressly

stated that it believed the testimony of the officers in preference to that of the petitioner. This determination was held by the appellate department to have been properly made by the trial court.

 It thus appears that there is substantial evidence in support of the trial court's finding and, although the issue is one which may properly be raised in a collateral attack by writ of habeas corpus, no sufficient reason now appears why we should view the conflicting evidence in a different light than did the trial judge who presided at the trial of the petitioner and had the full advantage of hearing and observing the witnesses. The testimony of the prosecution's witnesses sufficiently established that the defendant was afforded a reasonable opportunity to obtain a timely sampling of his blood in the manner required by law. (*In re Koehne*, 54 Cal.2d 757, 760 [8 Cal.Rptr. 435, 356 P.2d 179]; *In re Newbern*, 175 Cal.App.2d 862 [1 Cal.Rptr. 80].) The availability of such an opportunity is all that due process requires in the preservation of an accused's rights. *In re Koehne, supra,* 54 Cal.2d 758, 760.) While the complete extent of the nature of the offer made to the petitioner was not revealed or, insofar as appears, made known to the petitioner, the testimony of the officers sufficiently establishes that they were ready to make available to the petitioner whatever proper and reasonable opportunity he demanded or requested of them. But the petitioner stood mute and uncooperative in response to the repeated offers and made no effort to ascertain the nature or avail himself of the proffered opportunity. Manifestly, he cannot now claim that the opportunity was not afforded him. Moreover, it might properly be concluded that the petitioner, encouraged by the notoriety achieved as a result of his earlier court room successes against law enforcing agencies, was more interested in adding to that notoriety than in having a sample of his blood tested at or near the time of his arrest. The transcript reveals that he refused opportunities for a timely sampling of his blood and, if his own testimony can be believed, made demands of persons of unknown responsibilities when substantially more time had elapsed following the arrest. The record casts considerable doubt on the petitioner's good faith in making his claimed demands.

 It is also contended that the petitioner was denied constitutional rights by the refusal of the police officers to permit him to make a telephone call to a bail bondsman in

order to arrange for his release on bail following his arrest on February 1, 1960. The petitioner claims that pursuant to section 851.5 of the Penal Code,[1] he is entitled to make such a call. It sufficiently appears from the transcript of the trial proceedings and the instant petition that no request to make a call to a bail bondsman was made by the petitioner. However, it was stipulated that certain defense witnesses would testify, if called, that established rules within the Los Angeles Police Department restricted telephone calls by prisoners to an attorney, an employer or relative, and the petitioner was thus effectively denied the right to make a call to his bail bondsman. It must be conceded that the making of such a request would have been a useless act and accordingly not required. (Civ. Code, § 3532.)

Prior to the filing of the petition herein, the petitioner had been convicted of the crime charged, had unsuccessfully appealed, and had been duly confined pursuant to his conviction following his arrest on February 1, 1960. It thus appears that the issue of his right to call his bail bondsman for the purpose of arranging for bail pending trial is now moot. Nevertheless, in *In re Newbern, supra, ante,* p. 500 [11 Cal.Rptr. 547, 360 P.2d 43], it is stated under similar circumstances: ''Petitioner's final contention—that he was improperly denied the right to make a telephone call to a bail bondsman—is of such importance to the administration of justice throughout the state and to the petitioner, that we are persuaded to express our views thereon despite the fact that this question too is moot. . . .'' What we said in that case applies with equal force in the instant proceedings, and it follows that the petitioner was improperly denied the right to make a telephone call to his bail bondsman.

The petitioner further claims that as to the charges arising out of the August 12 and 13 arrests he was also denied the right to call his bail bondsman. Pursuant to our order, however, petitioner has since been released on bail pending the instant proceedings. Accordingly the opportunity to arrange for bail pending trial in those cases has now been presented and the earlier denial of that right raises legal issues which now can be considered only as moot. This is not to say, however, that upon any reconfinement pursuant to those charges

---

[1] Penal Code, § 851.5, provides: '' (a) Any person arrested has, immediately after he is booked, the right to make, at his own expense, in the presence of a public officer or employee, at least one telephone call from the police station or other place at which he is booked, completed to the person called, who may be his attorney, employer, or a relative.''

petitioner can lawfully be denied a proper request to call his bail bondsman within the scope of section 851.5 of the Penal Code.

It does not appear herein that the denial of the right to call a bail bondsman in either the matter already tried and affirmed on appeal, or in the two matters pending trial, presently prejudices petitioner in any manner. There is no sufficient showing that the said denial resulted in a denial of a fair trial in the concluded matter, or prevented petitioner from obtaining and presenting evidence of his innocence, as in the case of the denial of the right to call a physician. (*In re Newbern, supra,* 175 Cal.App.2d 862.) Nor are we concerned here with an irregularity in commitment, which requires the setting aside of the complaint. (*People* v. *Elliot,* 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225].)

Petitioner's remaining contention is that he was not given an opportunity to call his physician for the purpose of a blood alcohol test following his arrest on August 13 although he made a proper and timely request therefor. (Municipal Court, Los Angeles Judicial District, case No. A31090.) There is no direct allegation that petitioner made such a request following his August 12 arrest, however. (Municipal Court, Los Angeles Judicial District, case No. 97493.) The respondent has not controverted the allegation as to the August 13 arrest, and the petitioner is entitled to the relief applicable on the showing made. The denial of an opportunity to procure a blood test on a charge of intoxication prevents the accused from obtaining evidence necessary to his defense and is a denial of due process of law entitling him to his discharge. (*In re Newbern, supra,* 175 Cal.App.2d 862, 864, 866.)

For the foregoing reasons, the petition is denied as to cases No. D118158 and No. 97493. As to case No. A31090 the petitioner is ordered discharged from custody.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.