[Crim. No. 10399. In Bank. Dec. 23, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS EUGENE SUDDUTH, Defendant and Appellant.

Morris Lavine, Norman T. Ollestad and Richard E. Erwin for Defendant and Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Michael T. Sauer, Deputy City Attorney, for Plaintiff and Respondent.

TRAYNOR, C. J.—A municipal court jury found defendant guilty of the misdemeanor of driving while under the influence of intoxicating liquor (Veh. Code, § 23102). Judgment was entered on the verdict, and defendant appealed, contending that his privilege against self-incrimination was violated by the admission of evidence of, and by the comment on, his refusal to take a breathalyzer test to determine the percentage of alcohol in his blood. The appellate department of the superior court affirmed the judgment. The Court of Appeal transferred the case on its own motion because of the constitutional question involved (Cal. Rules of Court, rule 62(a)) and affirmed the judgment. We granted a hearing because substantially the same constitutional question was before us in *People* v. *Ellis,* Crim. 10346, *ante,* p. 529 [55 Cal.Rptr. 385, 421 P.2d 393].

Officer Wilson of the Los Angeles Police Department testified that in response to a radio call reporting a driver under the influence of intoxicating liquor he and a fellow officer stopped defendant's car, which answered the radioed description and was observed making an unusual turning maneuver. Defendant was very unsteady when he got out of his car and approached the officers, and he produced his driver's license only after considerable fumbling in his wallet. His breath smelled strongly of alcohol.

Officer Wilson informed defendant of his rights to counsel and to remain silent and that anything he said could be used against him in a criminal proceeding. The officer then tried to explain and demonstrate a series of tests, known collectively as the Field Sobriety Examination, he proposed to administer to defendant. The examination consists of physical tests, such as walking a straight line, and a series of questions. While standing with the officers defendant was swaying to and fro and kept up a running line of one-sided conversation with Officer Wilson's partner. Defendant refused to take any of the physical tests and refused to answer any question except to respond with exculpatory statements to the inquiry as to how much he had drunk. Defendant was then taken to the police station where the equipment necessary to administer a breathalyzer test was assembled and its operation explained to him. He refused to take the test.

The evidence of defendant's refusals to take tests was commented on in the prosecutor's argument, and the jury was instructed on the significance of such evidence.

The reasoning in *People* v. *Ellis,* Crim. 10346, decided

today, *ante*, p. 529 [55 Cal.Rptr. 385, 421 P.2d 393], is fully applicable to the question whether evidence of and comment on defendant's refusal to submit to a breathalyzer test is constitutionally admissible. ■ Suspects have no constitutional right to refuse a test designed to produce physical evidence in the form of a breath sample (cf. *ante*, pp. 533-536; *People* v. *Zavala* (1966) 239 Cal.App.2d 732, 738-739 [49 Cal.Rptr. 129]; *People* v. *Dawson* (1960) 184 Cal. App.2d Supp. 881, 883 [7 Cal.Rptr. 384]) whether or not counsel is present (*People* v. *Gilbert* (1965) 63 Cal.2d 690, 709 [47 Cal.Rptr. 909, 408 P.2d 365]).

■ We note that the physical and psychological disturbance of the individual involved in obtaining a breath sample is apt to be significantly less than that involved in extracting a blood sample, an evidence-gathering technique recently approved in *Schmerber* v. *California* (1966) 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826], and that the blood alcohol test and the breath test for alcoholic absorption are alternate means for determining the percentage of alcohol in the blood.[1] The value of such objective scientific data of intoxication to supplement the fallible observations by humans of behavior seemingly symptomatic of intoxication cannot be disputed. (*People* v. *Duroncelay* (1957) 48 Cal.2d 766, 772 [312 P.2d 690].) In a day when excessive loss of life and property is caused by inebriated drivers, an imperative need exists for a fair, efficient, and accurate system of detection, enforcement and, hence, prevention. (See *Breithaupt* v. *Abram* (1957) 352 U.S. 432, 439 [1 L.Ed.2d 448, 77 S.Ct. 408].)

As in *Ellis* (*People* v. *Ellis*, Crim. 10346, *ante*, p. 529 [55 Cal.Rptr. 385, 421 P.2d 393]), defendant's reliance on *Griffin* v. *California*, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], must be rejected. ■ The sole rationale for the rule against comment on a failure to testify is that such a rule is a necessary protection for the exercise of the underlying privilege of remaining silent (*id.* at p. 614). A wrongful refusal to cooperate with law enforcement officers does not qualify for such protection. A refusal that might operate to suppress evidence of intoxication, which disappears rapidly with the passage of time (*In re Newbern* (1959) 175 Cal.App.2d 862, 866 [1 Cal.Rptr. 80]), should not be encouraged as a device to escape prosecution.

---

[1] See *People* v. *Kovacik* (1954) 205 Misc. 275, 282-290 [128 N.Y.S.2d 492, 499-506], for a discussion of the development of, and scientific basis for, the breath-testing technique.

The disparate results found in other jurisdictions may be ascribed to the presence or absence of an underlying constitutional or statutory right to refuse to produce the physical evidence sought.[2] States that recognize a right to refuse to take such tests exclude evidence of a refusal.[3] States that recognize no right to refuse allow testimony and comment on the refusal.[4]

 It is contended that the instruction[5] given by the court on defendant's refusal to submit to a sobriety test erroneously authorized the jury to consider defendant's silence in response to questions at the time of his arrest, when such silence could not be considered evidence of guilt because it was an exercise of his constitutional right.[6] We do not believe, however, that the jury would understand the instruction to refer to defendant's refusal to answer questions as distinguished from his refusal to participate in a test. The instruction specifically refers to refusal to take ''a breathalyzer test or other sobriety test after he or she has been [made] aware of the nature of the test and its effect'' and the prosecutor did not comment on defendant's failure to answer questions, but only on his refusal to take tests.

 Defendant contends that the trial court erred in sustaining an objection to his counsel's argument to the jury

---

[2]See Note 87 A.L.R.2d 370.

[3]Not unanimously, however. (*State* v. *Bock* (1958) 80 Idaho 296 [328 P.2d 1065, 1071-1073].)

[4]See Note 87 A.L.R.2d 370.

[5]''YOU ARE INSTRUCTED that in a case where a defendant is accused of violating Section 23101 of the Vehicle Code it is permissible to prove that the defendant was offered a breathalyzer test or other sobriety test after he or she has been aware of the nature of the test and its effect. The fact that such test is refused under such circumstances is not sufficient standing alone and by itself to establish the guilt of a defendant but is a fact which if proven may be considered by you in the light of all other proven facts in deciding the question of guilt or innocence. Whether or not such conduct shows a consciousness of guilt and the significance to be attached to such a circumstance are matters for your determination.''

[6]Both the federal rule, e.g., *Ivey* v. *United States* (1965) 344 F.2d 770, 772-773; *Helton* v. *United States* (1955) 221 F.2d 338, 341-342, applicable to the states through *Malloy* v. *Hogan* (1964) 378 U.S. 1 [12 L.Ed.2d 653, 84 S.Ct. 1489], and our own rule, *People* v. *Simmons* (1946) 28 Cal.2d 699, 718-719 [172 P.2d 18], might have operated to exclude the testimony of defendant's silence in response to questions by the police. (Cf. *Griffin* v. *California* (1965) *supra*, 380 U.S. 609, 614.) Defendant's failure to object precludes his challenging the admission of the evidence of refusal to answer questions. The issue here, therefore, is limited to the propriety of the jury instruction.

on his refusal to take the sobriety test.[7] Counsel has the right to argue reasons alternative to consciousness of guilt to explain defendant's refusal. ██ Moreover, the court may in its discretion even allow counsel to incorporate correct statements of law in his argument (*People* v. *Linden* (1959) 52 Cal.2d 1, 29 [338 P.2d 397]; *People* v. *Dykes* (1930) 107 Cal.App. 107, 118 [290 P. 102]), but it must sustain an objection to an incorrect statement of law (*People* v. *Atwood,* 214 Cal.App.2d 308, 309 [29 Cal.Rptr. 463]). In the present case the court sustained an objection to, and ordered stricken, only that part of counsel's argument that incorrectly assumed that defendant had a constitutional right to refuse the test.

The judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., Peek, J.,* concurred.

Appellant's petition for a rehearing was denied January 19, 1967.

---

[7]"I submit there is a lot of evidence about refusing to take the test. It is always kind of puzzling to me how they can advise somebody, 'Now, listen, Mr. Sudduth, you don't have to take this test if you don't want to. You can see an attorney if you want to.' Or 'You don't have to make any statement if you don't want to.' And then they are amazed or astounded when the man says, 'Well, you advised me of my rights; I'll follow your advice. I won't take the test.' They make a big thing out of refusal to take the test. *I am wondering about the effect of a Constitutional right if when you take advantage of it and it is used against you in court.*

"Mr. REISNER: Well, your Honor, that would be a matter of law and it has certainly been decided it is a valid comment and inference.

"THE COURT: The *last comment* of counsel will be stricken. They are not to decide the legal aspects of what is a Constitutional right and what is not. That will be stricken." (Italics added.)

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.