[Crim. No. 4321.   Third Dist.   Apr. 5, 1967.]

*ELLEN DOLORES McDONALD, Plaintiff and Respondent, v. THE JUSTICE COURT FOR THE YUBA CITY JUDICIAL DISTRICT OF SUTTER COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Appellant.

*Reporter's Note: This case was previously entitled, ''In re McDonald.''

Thomas C. Lynch, Attorney General, and Roger E. Venturi, Deputy Attorney General, for Real Party in Interest and Appellant.

Changaris, Trezza & Ithurburn and Fred B. Ithurburn for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

REGAN, J. — Police officers, responding to a call at approximately 2:09 a.m., found petitioner unconscious behind the steering wheel of a motor vehicle stopped partly on the

lawn and sidewalk of a private residence—not her own. They called for an ambulance at 2:11 a.m. She appeared injured, with blood issuing from her head, nose and mouth. The officers detected a strong smell of an unknown alcoholic beverage about the person of petitioner and her vehicle. The physical evidence at the scene indicated petitioner's vehicle had struck a legally parked, unoccupied vehicle prior to coming to rest on the lawn. Petitioner was taken by ambulance to a hospital, her injuries were treated, and at the request of a police officer a doctor took a blood sample from the still unconscious petitioner. No warrant was obtained either for her arrest or for a search of her person. Later petitioner was charged with violating section 23102, subdivision (a), of the Vehicle Code (misdemeanor drunk driving).

Petitioner sought a writ of habeas corpus and prohibition in the Sutter County Superior Court, contending that the police in this case were not authorized to arrest her *without a warrant* since they had no reasonable cause to believe she had committed a felony, nor did she commit a public offense in their presence. (See Pen. Code, § 836.) Since there was no probable cause to arrest without a warrant, petitioner contends there was no probable cause to search without a warrant.

The court ordered that a writ of prohibition issue restraining the Justice Court of the Yuba City Judicial District from taking any further action to prosecute or try petitioner for a violation of California Vehicle Code section 23102, subdivision (a).

The People of the State of California appeal, alleging: "A. The extraction of a sample of the defendant's blood was reasonable, and, therefore, lawful because of the emergency and exceptional circumstances presented.

"B. The arguments urged by defense counsel below do not require that the evidence obtained by the blood test be excluded as the product of an unlawful search.

"C. Conclusion: The search in the present case was lawful as within the doctrine of emergency or exceptional circumstances, therefore, the evidence obtained by such search is admissible."

Although the record does not divulge any probable cause that petitioner had committed a felony, particularly since no one else was injured (cf. Veh. Code, § 23101), section 836 of the Penal Code provides, in part, that a peace officer may arrest a person without a warrant "whenever he has

reasonable cause to believe that the person to be arrested has committed a public offense in his presence.'' The term ''in his presence'' is liberally construed. (See *People* v. *Lavender*, 137 Cal.App. 582, 586-589 [31 P.2d 439].) Neither physical proximity nor sight is essential. (See *People* v. *Burgess,* 170 Cal.App.2d 36, 41 [338 P.2d 524].)

Here, the officers testified that they arrived on the scene in less than one minute after receiving the radio alert. It was apparent to the investigating officers that petitioner's car had struck a parked car. Petitioner's car and her breath strongly smelled of alcohol. Under these circumstances, there was sufficient evidence for arrest for misdemeanor drunk driving. By the very nature of the situation, arrests for drunk driving arise in the context of an arrest made by an officer without a warrant. (*Schmerber* v. *California,* 384 U.S. 757, 768 [16 L.Ed.2d 908, 918, 86 S.Ct. 1826.)

''The United States Supreme Court in *Johnson* v. *United States* (1948) 333 U.S. 10 [68 S.Ct. 367, 92 L.Ed. 436], recognized that under certain 'exceptional circumstances,' among them, threatened destruction of evidence, law enforcement officers have the right to conduct a search and seizure without a warrant, without consent and without the same being incident to an arrest.'' (*People* v. *Huber,* 232 Cal.App.2d 663, 667 [43 Cal.Rptr. 65].)

''California cases, too, have recognized the right of police officers in an emergency to make a search without a warrant, without consent, and not as an incident to arrest.'' (*People* v. *Huber, supra,* 232 Cal.App.2d at p. 669.)

Case law upholds the legality of the taking of a blood sample, even though no warrant had been obtained, no consent given, and no *formal* arrest made. (*People* v. *Duroncelay,* 48 Cal.2d 766 [312 P.2d 690] ; *People* v. *Pack,* 199 Cal.App.2d 857 [19 Cal.Rptr. 186] ; *People* v. *Huber, supra,* 232 Cal.App. 2d 663; *People* v. *Lane,* 240 Cal.App.2d 634 [49 Cal.Rptr. 712] ; and see *Schmerber* v. *California, supra,* 16 L.Ed.2d 908.) In each of these cases the court noted that the arresting officer had probable cause to arrest the defendant for drunken driving. However, each of these cases involved *felony* drunk driving.

California recognizes the right of officers confronted with emergency or exceptional circumstances to make a reasonable search without a warrant or consent. (*People* v. *Gilbert,* 63 Cal.2d 690, 706 [47 Cal.Rptr. 909, 408 P.2d 365] ; *People* v. *Huber, supra,* 232 Cal.App.2d at p. 670.) The doctrine has

been applied to the withdrawal of blood in suspected intoxication cases in view of the fact that the intoxicating effect of alcohol diminishes with the passage of time, the scientific reliability of the blood alcohol test to exonerate as well as to convict, and the imperative public interest involved. (*People* v. *Huber, supra,* 232 Cal.App.2d at p. 670; *Schmerber* v. *California, supra,* 16 L.Ed.2d at pp. 919-920.) So far as is known this doctrine has not been applied in this state to a misdemeanor drunk driving case.

That the case before us charges misdemeanor drunk driving does not require a different rule. The rationale for taking blood samples set forth in *Huber, supra,* is equally applicable to misdemeanor drunk driving cases. Any other conclusion would seriously thwart the imperative public interest involved. (See *People* v. *Duroncelay, supra,* 48 Cal.2d at p. 772; cf. *People* v. *Sudduth,* 65 Cal.2d 543, 546 [55 Cal.Rptr. 393, 421 P.2d 401] [breathalyzer test].)

The order is reversed.

Pierce, P. J., and Friedman, J., concurred.

The petition of the plaintiff and respondent for a hearing by the Supreme Court was denied May 31, 1967.