[Civ. No. 24809.    First Dist., Div. Four.    Aug. 12, 1968.]

HAROLD JEROME ZIDELL, Plaintiff and Appellant, v. TOM BRIGHT, as Director of the Department of Motor Vehicles, etc., Defendant and Respondent.

Mannina & Tambling and Don A. Tambling for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Defendant and Respondent.

CHRISTIAN, J.—This appeal is from a judgment denying a writ of mandate to prevent the Director of Motor Vehicles from suspending appellant's driver's license for refusal to submit to a blood alcohol test as required by Vehicle Code, section 13353.

On November 6, 1966 at approximately 2:30 a.m., Officer Ruddick of the Milpitas Police Department observed a car being driven erratically. He turned on his red light and siren but the driver continued for another half mile before yielding. Ruddick observed that the driver, appellant, was unsteady on his feet and that his breath smelled of alcohol. Appellant was arrested for driving while under the influence of an intoxicating liquor. At the police station Ruddick read the following statement to appellant: "You are requested to submit to a chemical test to determine the alcoholic content of your blood. You have a choice of whether the test is to be of your blood, breath or urine. A refusal will result in the suspension of your driving privilege for a period of six (6) months." Appellant telephoned his attorney; thereafter he refused to submit to any of the tests. Ruddick then left the station to resume other police duties.

Thirty to forty-five minutes later, and still during the booking process, appellant stated that he had changed his mind and would submit to one of the tests. The booking officer called the arresting officer, who refused to return; no test was given.

Appellant contends that if Officer Ruddick had returned and administered a test it would have been possible, through a mathematical calculation, to determine from the delayed test result the blood alcohol level at the time of the arrest. But the scientific validity of this proposition is not established, and the statute makes no provision for such an inquiry.

A court should interpret legislation reasonably and should attempt to give effect to the apparent purpose of the statute. (*Ivens* v. *Simon* (1963) 212 Cal.App.2d 177, 181-182 [27 Cal.Rptr. 801].) California courts have consistently recognized that a large proportion of traffic injuries and fatalities are due to inebriated drivers. (*People* v. *Duroncelay* (1957) 48 Cal.2d 766, 772 [312 P.2d 690]; *People* v. *Huber* (1965) 232 Cal.App.2d 663, 671 [43 Cal.Rptr. 65].) Thus there was need for a fair, efficient and accurate system of detection and prevention of drunken driving. (*People* v. *Sudduth* (1966) 65 Cal.2d 543, 546 [55 Cal.Rptr. 393, 421 P.2d

401].) ■ The immediate purpose of Vehicle Code section 13353, the implied consent statute, is to obtain the best evidence of blood alcohol content at the time of the arrest of a person reasonably believed to be driving while intoxicated. The long-range purpose is, of course, to inhibit intoxicated persons from driving on the highways. (*Finley* v. *Orr* (1968) 262 Cal.App.2d 656 [69 Cal.Rptr. 137].)

■ It is provided that "The test shall be incidental to a lawful arrest and administered at the direction of a peace officer having reasonable cause to believe such person was driving . . . while under the influence of intoxicating liquor." (Veh. Code, § 13353, subd. (a).) This language implies that the decision of the arresting officer whether to request a test, and the suspect's response thereto, should not be delayed. This conclusion is also supported by the language of section 13353, subdivision (f) : the accused "may request the *arresting officer* to have a chemical test made . . . if so requested, the *arresting officer* shall have the test performed." (Italics added.) [1b] It would be inconsistent with the purpose of the statute to hold that either Officer Ruddick, or the officers on duty at the police station, were required to turn aside from their other responsibilities and arrange for administration of a belated test when once appellant had refused to submit after fair warning of the consequences. (Cf. *In re Newbern* (1961) 55 Cal.2d 508 [11 Cal.Rptr. 551, 360 P.2d 47] ; *Sowa* v. *Hults* (1964) 22 App.Div.2d 730 [253 N.Y.S.2d 294].)

■ Appellant's further argument that the police failed to comply with section 13353, subdivision (f), cannot be sustained. The purpose of subdivision (f) is to permit a suspected drunk driver to obtain evidence for his defense if he desires a chemical test and the arresting officer fails to take the initiative. The Legislature did not add subdivision (f) to give an accused drunk driver the right to refuse the officer's request to submit, and thereafter to demand the test.

The judgment is affirmed.

Devine, P. J., and Draper, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.