[Civ. No. 9115.   Fourth Dist., Div. One.   Nov. 27, 1968.]

WELDON JAMES, Plaintiff and Respondent v. DEPART-
MENT OF MOTOR VEHICLES, Defendant and Appellant.

Thomas C. Lynch, Attorney General, Warren H. Deering
and Richard Tanzer, Deputy Attorneys General, for Defend-
ant and Appellant.

James S. Duberg for Plaintiff and Respondent.

WHELAN, J.—The Department of Motor Vehicles (Department) appeals from a judgment ordering the issuance of a peremptory writ of mandate that Department set aside its order revoking respondent's driving privilege.

Respondent's license was suspended following a formal administrative hearing in which it was found by Department that the respondent had refused to take any of three chemical tests provided by section 13353, Vehicle Code, under the conditions specified in that section. Respondent then petitioned for a writ of mandate.

In the superior court on the trial of respondent's petition for writ of mandate, the sole issue was whether respondent, after his arrest, refused to submit to any of the chemical tests provided for by section 13353, Vehicle Code.

The sole issue here is whether the trial court's finding that respondent did not refuse to take any such test is supported by substantial evidence. The only evidence before the court was that contained in a transcript of the departmental hearing.

### THE EVIDENCE

On February 23, 1967, California Highway Patrol Officer Nelander (Nelander) placed Weldon James, respondent, under arrest for driving while intoxicated. After placing respondent in the patrol car, but prior to driving to the county jail, Nelander requested that respondent submit to a blood, breath or urine test to determine the alcoholic content of his blood and stated that a refusal to do so would result in a suspension of his driving privilege for a period of six months. Nelander stated, "It's your choice. . . . I don't care which one you take. . . ." Nelander asserts that he stated this at least three times. Nelander stated that in response to one of the requests to submit to a chemical test, respondent "made the remark 'I'll beat you in anything' or 'I'll beat you in all three' or something to this effect. . . ." Nelander stated that before he and respondent left to go to jail Nelander repeated to respondent several times that ". . . he had to choose—it was up to him, . . . and I did not want to force him." Respondent's reply was, in Nelander's words, ". . . the defendant kept chattering, being upset, kept interrupt-

ing." At no time did respondent specifically refuse to take any tests to determine his intoxication.

Respondent testified that several times he asked Nelander that he be given a test, and had said that if he could take a test he would pass all three; that on several occasions Nelander told him to shut up, and on another occasion Nelander made no response.

### THE APPLICABLE LAW

■ The Department of Motor Vehicles is a statewide agency created by the Legislature and whose powers derive from that creation rather than directly from the California Constitution.

Decisions of such statewide agencies created by statute with no constitutionally conferred adjudicatory powers are subject to independent weighing of the supporting evidence by the trial judge when properly challenged under Code of Civil Procedure, section 1094.5. Three criteria have been established by case law to determine which of the standards (substantial evidence or independent judgment) stated in Code of Civil Procedure, section 1094.5, subdivision (c), will be used by the trial court judge in reviewing the Board's action. The court on review is authorized by law to exercise its independent judgment on the evidence if the administrative adjudication affected a vested right, and if the agency was a state-level agency and of legislative (rather than constitutional) origin. In the case of *Drummey* v. *State Board of Funeral Directors* (1939) 13 Cal.2d 75 [87 P.2d 848], the Supreme Court held that a state-level agency of legislative origin may not have the benefit of the "substantial evidence test" from a reviewing court. (See also *Ready* v. *Grady,* 243 Cal.App.2d 113 [52 Cal. Rptr. 303], and *Sears Roebuck & Co.* v. *Walls,* 178 Cal.App.2d 284 [2 Cal.Rptr. 847].)

Since the deprivation of an existing license interferes with an existing vested right (*Drummey* v. *State Board of Funeral Directors, supra*) [suspension], and *Laisne* v. *Cal. St. Bd. of Optometry,* 19 Cal.2d 831 [123 P.2d 457] [revocation], and since Department is a statewide agency of legislative rather than constitutional origin, the independent judgment of the trial court should be used to ascertain if the evidence was sufficient to support the findings of the administrative board in the instant case.

In *Finley* v. *Orr,* 262 Cal.App.2d 656 [69 Cal.Rptr. 137], the court cited *Hohreiter* v. *Garrison,* 81 Cal.App.2d 384, 401-

402 [184 P.2d 323]. *Hohreiter* applies the "independent judgment" test to an insurance commissioner hearing and *Orr*, by implication holds that test applicable to a motor vehicle department hearing.

The question presented is whether the trial court's findings are supported by substantial evidence. The role of the appellate court in reviewing a superior court's decision, using the "independent judgment rule," is well stated in *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 308 [196 P.2d 20] : "That the trial court in this case was 'authorized by law to exercise its independent judgment on the evidence' is well established. (Citations) . . . And, as declared in *Estate of Bristol* (1943) 23 Cal.2d 221, 223 [143 P.2d 689], on appeal from the judgment of the trial court, 'The rule as to our province is : "In reviewing the evidence . . . all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary . . . principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." [Italics added.] (Citations) The rule quoted is as applicable in reviewing the findings of a judge as it is when considering a jury's verdict. . . . Appellate courts, therefore, if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the finding.' (Citations) "

Respondent contends that contrary to the argument of the Attorney General, there is no affirmative duty of the driver to state which test he will take. The code section does not state, as the Attorney General alleges, that the burden is on the driver to state what test he will take.

■ Since the question as to what constitutes a refusal to take the test must often depend upon the circumstances, we ask: Was there substantial evidence from which the trial court might find there was no refusal?

Some of the acts of a driver constituting "refusal" are : not taking the test without his physician (*Fallis* v. *Department of Motor Vehicles*, 264 Cal.App.2d 373 [70 Cal.Rptr. 595] ) ; not taking the test without his attorney (*Finley* v. *Orr*,

*supra,* 262 Cal.App.2d 656, 663 [and citations cited therein] ; *Ent* v. *Department of Motor Vehicles,* 265 Cal.App.2d 936, 942 [71 Cal.Rptr. 726].)

Unless it can be said that the evidence produced at the administrative hearing showed as a matter of law that the licensee refused to take any of the tests, the finding of the trial judge must be upheld. Since the professed willingness of the licensee to take all the tests, if his testimony is believed, could have been tried out by giving him the one most easily administered, we are not prepared to say that the trial court's finding is unsupported by substantial evidence.

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied December 9, 1968.