**In the Matter of the Revocation of the Driver's License of Michael John KOTAS.**

**No. 12004.**

Supreme Court of South Dakota.

Argued March 22, 1977.
Decided Dec. 30, 1977.

**416**

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

Arlie J. Brende, Sioux Falls, for defendant and respondent.

PORTER, Justice (on reassignment).

The driver's license of Michael Kotas was revoked by the Department of Public Safety after a hearing before a department examiner for Kotas' refusal to submit to a chemical blood test. Kotas petitioned the circuit court for a trial de novo under SDCL 32–23–12. The circuit court reversed the examiner's decision and ordered Kotas' license to drive reinstated. We reverse.

On March 26, 1975, Kotas was observed operating his vehicle in a very erratic manner by Sioux Falls Police Officer Michael Weiss. At 2:47 a.m. Kotas was stopped and arrested by Officer Weiss for driving while intoxicated. At the scene, Officer Weiss informed Kotas of his rights under the Implied Consent Law, SDCL 32–23–10, 11, 12, and requested that Kotas submit to a blood test at McKennan Hospital. Kotas responded by stating that he could not consent until he first talked to his attorney. Kotas was then transported to the Minnehaha County jail. On the way to the jail, the officer made at least three additional requests of Kotas, but received the same response.

Upon arriving at the jail, the officer, acting upon the unrescinded refusal, prepared the necessary papers for, and did, surrender custody of Kotas to the Minnehaha County jail officials. At the conclusion of the booking procedure, Kotas was allowed to call his attorney. After a brief conversation the arresting officer was called to the telephone and advised by Kotas' attorney that Kotas would submit to the blood test. The time was between 3:25 and 3:30 a.m. The officer advised Kotas and his attorney that his prior actions had constituted a refusal, and that he would not transport him to the hospital for the blood test.

After hearing this testimony the circuit court, relying upon the decision of Lund v. Hjelle, 224 N.W.2d 552 (N.D.1974), found that the qualified refusal given by Kotas had been rescinded within a reasonable time, and that his license could not be revoked under SDCL 32–23–11.

The issues involved in this appeal were fully considered and resolved against respondent Kotas by the opinion of this court in Peterson v. State, S.D., 261 N.W.2d 405, filed December 30, 1977. For the reasons set out in Peterson we hold that Kotas' conduct constituted, in law, a refusal of the blood test requested by Officer Weiss and that his driver's license was therefore properly revoked. The judgment is reversed, and the cause is remanded to the circuit court so that judgment may be entered affirming the order of revocation entered by the South Dakota Department of Public Safety.

DUNN, C. J., and WOLLMAN and MORGAN, JJ., concur.

ZASTROW, J., dissents.

ZASTROW, Justice (dissenting).

I agree with the North Dakota Supreme Court's holding in *Lund v. Hjelle*, 1974, N.D., 224 N.W.2d 552, that:

" * * * a delay for a reasonable period of time while an arrested person considers or reconsiders a decision whether or not to submit to a chemical test will not frustrate the object of the [implied consent statutes] * * *." 224 N.W.2d at 557.

The consequences of the decision to consent to refuse to submit to a chemical test are crucial. Since that decision must be made without the counsel of an attorney, family, or friends, there does not appear to be a need for a requirement that a decision once made should be irrevocable.

The conditions established by the North Dakota Supreme Court are reasonably suited to fulfill the purpose of our implied consent laws. The conditions are:

"[W]here * * * one who is arrested for driving while under the influence of intoxicating liquor first refuses to submit to a chemical test to determine the alcoholic content of his blood and later changes his mind and requests a chemical blood test, the subsequent consent to take the test cures the prior first refusal when the request to take the test is made within a reasonable time after the prior first refusal; when such a test administered upon the subsequent consent would still be accurate; when testing equipment or facilities are still readily available; when honoring a request for a test, following a prior first refusal, will result in no substantial inconvenience or expense to the police; and when the individual requesting the test has been in police custody and under observation for the whole time since his arrest." 224 N.W.2d at 557.[1]

Officer Weiss admitted that had he immediately transported Kotas to the hospital following Kotas' consent, the blood sample would have been withdrawn only ten to fifteen minutes later than if Kotas had consented at the time of the original request, and within one hour of the time of arrest. He also admitted that the test results would have been accurate, and any difference in test results taken ten to fifteen minutes apart would have been minimal, and that transporting Kotas to the hospital would not have been a substantial inconvenience for him.[2]

If the objective of the implied consent statutes is "a *fair*, efficient and accurate system of detection and prevention of drunk driving" and "to obtain the best evidence of blood alcohol content at the time of arrest," *Zidell v. Bright*, 1968, 264 Cal. App.2d 867, 71 Cal.Rptr. 111, it would appear that an interpretation which will allow the securing of the test specimen without unreasonable delay would best achieve that objective. It does not appear that an interpretation that makes a refusal irrevocable allows the obtaining of the best evidence of blood alcohol content.

Certainly, the refusal to submit to the test at the scene would not have affected the test results because a blood sample would not have been taken at that time. And what of the continued requests by the officer? Had Kotas consented to a later request, would we allow revocation of his license if a refusal once given is irrevocable? Not if the objective of obtaining the "best evidence of blood alcohol content" is to be fulfilled. To the contrary, allowing the driver the right to rescind a prior refusal under reasonable conditions would achieve the objective in a manner fair to both the driver and the law enforcement officers.

To hold the refusal irrevocable would in many instances deprive the state, *and the driver*, of valuable evidence of intoxication, or lack thereof, simply because the driver has made a decision without a chance to adequately reflect upon the alternatives.

1. Although I would adopt the rationale of *Lund v. Hjelle*, 1974, N.D., 224 N.W.2d 552, I do not find the North Dakota Supreme Court's application of it to the fact situation in that case as correct. See *Peterson v. State*, S.D., 261 N.W.2d 405, special concurrence filed December 30, 1977.

2. The only inconvenience appeared to have been Officer Weiss' quitting time at 3:45 a.m.