STATE of South Dakota, Respondent,

v.

Patrick F. HELES, Appellant.

No. 12272.

Supreme Court of South Dakota.

Dec. 26, 1978.

---

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

John P. Blackburn, Yankton, for appellant.

PER CURIAM.

This case involves the revocation of the driver's license of Patrick F. Heles by the Department of Public Safety (department) after an administrative hearing before a department examiner regarding Heles' refusal to submit to a chemical breath test. Heles petitioned the circuit court for a trial de novo pursuant to SDCL 32–23–12 and the circuit court upheld the order of the department which revoked Heles' license for a period of one year. We affirm.

On December 9, 1975, an officer of the South Dakota Highway Patrol observed Heles operating his vehicle in an erratic, swerving manner and failing to dim the headlights on his vehicle for oncoming traffic. The officer stopped Heles' vehicle and detected an odor of alcohol. Thereupon, the officer conducted field sobriety tests which Heles failed to execute satisfactorily. The officer informed Heles that he was under arrest for driving while intoxicated in violation of SDCL 32–23–1.

At the scene of the arrest, the officer twice read to Heles the following implied consent warning, which embodies SDCL 32–23–10, 32–23–11, 32–23–12:

1. I have arrested you for DWI, a violation of SDCL 32–23–1.

2. I request that you submit to a chemical test of your breath to determine your blood alcohol concentration.

3. You have the right to refuse to submit to such test and if you do refuse, no test will be given.

4. You have the right to a chemical test by a person of your own choosing at your own expense in addition to the test I have requested.

5. You have the right to know the result of any chemical test.

6. If you refuse the test I have requested, your driver's license will be revoked for one year after an opportunity to appear before a Hearing Officer to determine if your license shall be revoked.

7. If your driver's license is revoked by the Hearing Officer, you have the right to appeal to Circuit Court.

8. Do you understand what I have told you?

9. Do you wish to submit to the chemical test I have requested?

Heles responded to the request for a chemical breath test by asking the officer for his advice. A similar response was given after Heles was again read the implied consent warning upon arrival at the police station. Heles continued his failure to reply to the officer's request and insisted on calling his attorney. Heles was advised that his actions would be taken as a refusal to submit to the chemical breath test. Approximately one hour after Heles was arrested, he had a telephone conversation with his attorney and the attorney twice requested of the officer that Heles be allowed to take the chemical breath test. The officer denied the request.

At Heles' request, a hearing was conducted before a department examiner on February 4, 1976, to determine whether Heles' driver's license should be revoked for one year for refusal to submit to the chemical breath test. The hearing examiner concluded that the driver's license should be revoked for a period of one year and entered an order accordingly. The circuit court held a trial de novo and upheld the order of the hearing examiner. The order revoking the driver's license has been stayed pending the outcome of this appeal.

We have discussed the purpose for and validity of the implied consent law at length in *Peterson v. State*, 1977, S.D., 261 N.W.2d 405, which we deem to be dispositive of this case. See also, *Matter of Kotas*, 1977, S.D., 261 N.W.2d 415; *Blow v. Commissioner of Motor Vehicles*, 1969, 83 S.D. 628, 164 N.W.2d 351. In *Peterson*, we stated that

> [w]e see no language in our law authorizing the arrested driver to delay his decision to take the requested test. We have already held that the arrested driver has no legal or constitutional right to consult counsel before deciding, and that a request to delay the test for that purpose is, in law, a refusal of the test by the driver. 261 N.W.2d at 410.

For the reasons advanced in *Peterson*, supra, we hold that Heles' conduct constituted, as a matter of law, a refusal of the chemical breath test requested by the officer and that his driver's license was properly revoked.

The judgment of the circuit court is affirmed.

MORGAN, J., deeming himself disqualified did not participate in this opinion.