**Aloha Lee SHARP, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 12, 1967.

Robert J. Watson, Watson & Watson, Middlesboro, for appellant.

Robert Matthews, Atty. Gen., Darryl T. Owens, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This is an appeal from a judgment of conviction of the crime of driving a motor vehicle while intoxicated, prohibited by KRS 189.520 and penalized by KRS 189.990, in which punishment was fixed by the jury at a fine of $150.

Appellant complains that her constitutional rights were violated by the claimed refusal of the arresting officer to provide a "sobriety test" for her; by her imprisonment in the county jail for two hours before she was permitted to telephone her attorney; and by the refusal of the circuit court to order the return of her cash bond, posted in the county court.

On Sunday, March 14, 1966, appellant left her home in Hamilton, Ohio, early in the morning for her former home in the Clear Fork of Yellow Creek section of Bell County. Her only company was her small dog, ordinarily an inseparable and enjoyable companion. But for some time before making a roadside stop south of Mt. Vernon in Rockcastle County, the little dog had been an "annoyance" to her to such an extent that the stop was made necessary.

During her journey through Rockcastle County, State Trooper Dannie Coleman, accompanied by Deputy Sheriff Frank Debord, received a radio message from the State Police Post at Richmond, Kentucky,

and was told by a passing motorist that a car fitting the description of appellant's was being driven south in a reckless and erratic fashion. These two officers met appellant seven miles south of Mt. Vernon. They turned the car in which they were traveling around and overtook appellant where she had stopped to pacify her dog. She was asked to get out of her car, which she did.

The officers testified they detected a strong alcoholic odor emanating from the person of appellant; that she staggered; that she was "slurring" her words and was "thick tongued"; that when they first observed her driving south, she was partly on the wrong side of the center line of the highway; that "there was six cans of beer, one can about half full and two empties and a six pack carton the paper they come in" found in appellant's automobile; that there also was found "two empty six packs that the beer was gone from"; that the cans contained Schlitz, intoxicating beer.

Aloha denied she was drunk or drinking. She requested a "sobriety test." The officers testified that they told her they knew nothing of such a test but would take her to the hospital for a blood test to determine the alcoholic content of the blood, and she said "there wasn't nobody sticking no damn needle in her arm." She testified the state trooper inquired of the deputy sheriff whether there was one of those needles in the glove compartment, but when asked specifically whether she made the statement regarding the "damn needle," she replied: "Well, frankly, when he said that, I really don't know what I said to him."

■ Counsel for appellant have ably presented in their brief the interesting question, whether a person charged with driving a motor vehicle while intoxicated has a right to demand a blood test provided for by KRS 189.520. This court has not specifically answered this question, and we do not answer it now for the simple reason we find Aloha did not make a proper demand for the only "sobriety test" available

in this State. There is respectable authority for the proposition that if the request for "sobriety test" is reasonably and properly made, the person is entitled to it. See In re Newbern, 175 Cal.App.2d 862, 1 Cal.Rptr. 80, 78 A.L.R.2d 901 (1959); State v. Munsey, 152 Me. 198, 127 A.2d 79 (1956) and In re Koehne, 54 Cal.2d 757, 8 Cal. Rptr. 435, 356 P.2d 179 (1960). All of these cases hold that the request must be reasonable under the particular circumstances of each case. What may be reasonable in one locality may not necessarily be reasonable in another. The availability of the test is important. It should be kept in mind that there is no duty on the part of the arresting officer to produce evidence for the accused person, only that he (the arresting officer) does not obstruct or prevent the accused in search of evidence so long as that search (request for "sobriety test" in the present case) is reasonable. The request is considered unreasonable if it is inconsistent with safe custody, if it is unavailable with reasonable effort or, in some cases, if the party requesting the test does not propose to pay for it. We do not have to climb any of these mountains in the present case for the obvious reason that we conclude from the evidence appellant refused the only reasonable and available test.

■■ The next and only other question worthy of note is the appellant's contention that her constitutional rights to counsel were violated. She requested the arresting officers and the jailer to allow her to call her attorney. The arresting officer refused her request, he said, due to her condition. The jailer testified he delayed granting her request to call her attorney for two hours from the time of her imprisonment due to her conduct. He testified:

"Well she just kicked that door and kicked it and kicked it and kicked it and she wanted out and I said, I can't let you out and she said, she wanted to make a phone call, and I said I'll let you make a phone call when you calm down a little."

Under the facts of this case, we find no unreasonable delay in allowing appellant to call her attorney. Furthermore, there was no prejudice from the two-hour delay in calling her attorney. Wilson v. Commonwealth, Ky., 403 S.W.2d 705 (1966).

The complaint that the circuit court erred in delaying the return of her cash bond posted in county court, we think, is without merit.

The judgment is affirmed.

All concur.