Opinion
SIMMONS, J.
Appellant, Marcia Ann Lee, hereinafter referred to as Lee, entered a plea of no contest to charges of petty theft (Pen. Code, § 483) following a denial of a motion to suppress heard on July 19, 1983. This appeal followed.
Factual Setting
Diane Paul, hereinafter referred to as Paul, a security guard with 15 years employment, was working for the Gemco store in Victorville on March 15, 1983. She saw Lee in the women’s clothing section of the store select two items, removing them from hangers. Thereafter Paul observed Lee select an additional four items, leaving them on the hangers. She further observed Lee place the two unhung items underneath the items on hangers and proceed to the fitting room area. At that point a clerk in the department instructed Lee to take only three items into the fitting room, whereupon Lee removed one of the items on a hanger and left it outside the fitting room, entering with three items on hangers and two items underneath which the clerk could not observe. Paul was close enough to the conversation to be able to see Lee’s conduct and hear the clerk give her the instructions. Paul remained close to the fitting area, observing the room which Lee had entered. Emerging from the fitting room Lee returned three items to the racks and Paul immediately checked the fitting room and found no additional clothing therein. Lee shortly thereafter returned to the room with three additional items and after a brief period within the fitting room again emerged and returned three items to the clothing racks. Thereupon Paul immediately checked the fitting room area and discovered no additional clothing therein. Lee subsequently exited the store without paying for the unaccounted for two items of clothing, whereupon she was stopped by Paul and arrested for petty theft. When they were back inside an office in the store Paul asked if she could recover the items from her purse. Lee replied “No” but thereafter removed two items of apparel herself and handed them to Paul.
Contention on Appeal
The trial court should have suppressed the merchandise and Lee’s statement because the security guard had no authority to arrest and the consent to search was, therefore, invalid.
*Supp. 12 Discussion
Penal Code section 837, subdivision 1 provides that a private citizen may arrest another for a public offense committed or attempted “in his presence.” The evidence clearly disclosed that the offense had, in fact, been committed. Therefore, the only question remaining is whether the offense was committed “in the presence” of Paul. The term “in his presence” has historically been liberally construed in this state. Neither physical proximity nor sight is essential. (McDonald v. Justice Court (1967) 249 Cal.App.2d 960 [58 Cal.Rptr. 29].) In People v. Burgess (1959) 170 Cal.App.2d 36 [338 P.2d 524] the court held that a private citizen may arrest another when circumstances exist which would cause a reasonable person to believe that a crime had been committed in his presence.
In the instant case the circumstances clearly suggest to any reasonable person that an offense had been committed in the presence of the security guard. Paul, with 15 years experience, observed the collection of the clothing items and concealment of two of those pieces of clothing. In addition, she heard the clerk’s instruction to Lee and her obvious circumvention of those orders. Thereafter, the replacement of the items as set forth above together with the absence of additional clothing in the dressing room could only lead to the conclusion that Lee had concealed merchandise with the intent to steal the same. The separation of Lee from Paul’s observations by the closing of the fitting room door cannot be deemed such a removal of Lee from the “presence” of Paul so as to strip her of authority to make the arrest.
Cervantez v. J. C. Penney Co. (1979) 24 Cal.3d 579 [156 Cal.Rptr. 198] does not address itself to the determination of what constitutes “presence” within the meaning of Penal Code section 837, subdivision 1. The jury instruction in Cervantez given at trial had directed the jury to consider only whether there was probable cause to arrest, and, hence, did not require that the jury find that the offense had been committed in the presence of the security guard in order to avoid civil liability. Cervantez is, therefore, in-apposite to the present inquiry. For the reasons indicated above we find that the arrest was lawful in this case.
Moreover, the security guard did have the right to detain Lee without arresting her. Under Penal Code section 490.5 a merchant may detain a person whom he has reasonable cause to believe has shoplifted from him. He may also request that person to voluntarily surrender the merchandise taken. If refused, the merchant may make a limited search of packages, shopping bags, handbags, etc. It would be illogical to conclude that a merchant has less authority when he places the shoplifting suspect under arrest *Supp. 13 so that in the latter situation he would be prohibited from requesting return of his merchandise or a consent to search. This case does not conflict with People v. Zelinski (1979) 24 Cal.3d 357 [155 Cal.Rptr. 575, 594 P.2d 1000] where the Supreme Court held that an unlawful search by private security personnel violated the California Constitution’s search and seizure prohibition so that evidence seized thereby should have been suppressed. The opinion noted that the private security guard could either detain a suspect, recover the merchandise, and then release him, or it could arrest him and hold him for the police. In Zelinski, after making the arrest, the guards had gone beyond both the permissible scope of a search incident to a citizen’s arrest and the limits of the merchant’s authority to search under Penal Code section 490.5.
Here, the issue is only whether the private security guard has the authority to ask for return of the merchandise or consent to search. There appears to be no compelling policy reason to allow him to do so in one situation and not in the other.
We cannot conclude from the facts in this case that the consent given by Lee was the result of any illegal act by Paul. This case is a far cry from People v. Leib (1976) 16 Cal.3d 869 [129 Cal.Rptr. 433, 548 P.2d 1105], cited by Lee, where the defendant had requested the police to take him to his apartment only after being illegally arrested and detained for hours in a holding cell without being given the opportunity to call an attorney. Here, there was a simple request for the merchandise after a short detention and a lawful arrest.
Disposition
For the reasons set forth above we hold that the evidence obtained was admissible and the judgment below is affirmed.
Rouse, P. J., and Schaefer, J., concurred.