## LINDSEY ALTSCHUL *v.* JOSE SALINAS, COMMISSIONER OF MOTOR VEHICLES
### (AC 17765)

Lavery, Hennessy and Dupont, Js.

Argued December 10, 1998—officially released May 18, 1999

*Russell S. Palmer*, with whom, on the brief, was *Averum J. Sprecher*, for the appellant (plaintiff).

*Priscilla J. Green,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiff, Lindsey Altschul, appeals from the trial court's dismissal of his administrative appeal. On appeal, the plaintiff claims that (1) the trial court improperly determined that he refused to submit to a breath test pursuant to General Statutes (Rev. to 1997) § 14-227b (f), now § 14-227b (g),[1] and (2) § 14-227b is constitutionally defective. We affirm the judgment of the trial court.

---

[1] General Statutes (Rev. to 1997) § 14-227b (f), now § 14-227b (g), provides: "If such person contacts the department [of motor vehicles] to schedule a hearing, the department shall assign a date, time and place for the hearing, which date shall be prior to the effective date of the suspension. At the request of such person or the hearing officer and upon a showing of good cause, the commissioner may grant one continuance for a period not to exceed fifteen days. If a continuance is granted, the commissioner shall extend the validity of the temporary operator's license or nonresident operating privilege issued pursuant to subsection (c) of this section for a period not to exceed the period of such continuance. The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. In the hearing, the results of the test or analysis shall be sufficient to indicate the ratio of alcohol in the blood of such person at the time of operation, except that if the results of the additional test indicate that the ratio of alcohol in the blood of such person is twelve-hundredths of one per cent or less of alcohol, by weight, and is higher than the results of the first test, evidence shall be presented that demonstrates that the test results and analysis thereof accurately indicate the blood alcohol content at the time of operation. The fees of any witness summoned to appear at the hearing shall be the same as provided by the general statutes for witnesses in criminal cases."

On May 26, 1997, at approximately 2:11 a.m., a state trooper observed the plaintiff operating a motor vehicle in an erratic manner on Interstate 84 and made the plaintiff stop his vehicle. The plaintiff emitted an odor of alcohol and informed the trooper that he had consumed a few pints of beer. The trooper administered three roadside field sobriety tests, each of which the plaintiff failed. The trooper arrested the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a, and transported him to the state police barracks at Tolland.

At the barracks, the trooper advised the plaintiff of his *Miranda*[2] rights and provided him with an implied consent advisory. Pursuant to General Statutes § 14-227b (b),[3] the trooper afforded the plaintiff a reasonable

---

[2] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] General Statutes § 14-227b (b) provides: "If any such person, having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and thereafter, after being apprised of his constitutional rights, having been requested to submit to a blood, breath or urine test at the option of the police officer, *having been afforded a reasonable opportunity to telephone an attorney prior to the performance of such test* and having been informed that his license or nonresident operating privilege may be suspended in accordance with the provisions of this section if he refuses to submit to such test or if he submits to such test and the results of such test indicate that the ratio of alcohol in his blood was ten-hundredths of one per cent or more of alcohol, by weight, and that evidence of any such refusal shall be admissible in accordance with subsection (f) of section 14-227a and may be used against him in any criminal prosecution, refuses to submit to the designated test, the test shall not be given; provided, if the person refuses or is unable to submit to a blood test, the police officer shall designate the breath or urine test as the test to be taken. The police officer shall make a notation upon the records of the police department that he informed the person that his license or nonresident operating privilege may be suspended if he refused to submit to such test or if he submitted to such test and the results of such test indicated that the ratio of alcohol in his blood was ten-hundredths of one per cent or more of alcohol, by weight." (Emphasis added.)

opportunity to contact an attorney before deciding whether to submit to chemical testing. The plaintiff made three telephone calls between 2:40 and 3:05 a.m. and he was unable to contact an attorney. The trooper then asked the plaintiff to submit to a breath test. The plaintiff responded that without legal representation he could neither submit to nor refuse the test. The trooper construed the plaintiff's response as a refusal to submit to the test.

The defendant commissioner of motor vehicles subsequently suspended the plaintiff's operator's license, and the plaintiff requested an administrative hearing. The hearing was limited to the four issues set forth in § 14-227b (f).[4] A hearing officer found each issue in the affirmative and suspended the plaintiff's operator's license. Pursuant to General Statutes § 4-183, the plaintiff appealed to the trial court from the suspension of his license. In affirming the decision of the hearing officer, the trial court concluded that the plaintiff's "refusal [to submit to the breath test] was amply supported by the record." This appeal followed.

I

The plaintiff first claims that the trial court improperly affirmed the hearing officer's determination that he refused to submit to a breath test pursuant to § 14-227b (f) (3). Specifically, he claims that "[w]hen an officer gives a person his *Miranda* warnings, then asks him to take a breath test, and the person responds by asking to exercise his just-stated [fifth amendment] right to counsel, he cannot be considered to have refused to submit to a breath test under § 14-227b." We affirm the judgment of the trial court.

As a threshold matter, we must determine whether the plaintiff has a fifth amendment right to consult with

---

[4] See footnote 1.

counsel before taking or refusing a breath test. The plaintiff has "no constitutional right to refuse to take the breath test, since his breath constitutes 'real or physical' rather than 'testimonial or communicative' evidence and compulsion of physical evidence from the body of the [plaintiff] does not violate the privilege against self-incrimination. *Schmerber* v. *California*, 384 U.S. 757, 760–65, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966)." *Welch* v. *District Court of Vermont*, 594 F.2d 903, 904 (2d Cir. 1979); see *Buckley* v. *Muzio*, 200 Conn. 1, 8, 509 A.2d 489 (1986) ("person has no constitutional right to withhold nontestimonial evidence when the state's demand is supported by probable cause"). "The Supreme Court has held that the fifth amendment right to counsel protects an individual's privilege against making incriminating statements against himself. *Miranda* v. *Arizona*, [384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)]." *McVeigh* v. *Smith*, 872 F.2d 725, 728 (6th Cir. 1989); see *State* v. *Jones*, 205 Conn. 638, 648, 534 A.2d 1199 (1987). Because the breath test did not implicate the plaintiff's fifth amendment privilege against self-incrimination, he did not have a fifth amendment right to consult with counsel before deciding whether to take this test. See *People* v. *Sudduth*, 65 Cal. 2d 543, 546, 421 P.2d 401, 55 Cal. Rptr. 393 (1966); *Standish* v. *Dept. of Revenue*, 235 Kan. 900, 904, 683 P.2d 1276 (1984); *Wall* v. *Holman*, 902 S.W.2d 329, 330–31 (Mo. App. 1995) ("driver has no constitutional right to speak to an attorney prior to deciding whether to submit to a chemical test"). Section 14-227b (b) does, however, afford the plaintiff "a reasonable opportunity to telephone an attorney prior to the performance of such test" and, in this case, the plaintiff was given a reasonable opportunity to telephone an attorney.

Having determined that the plaintiff did not have a fifth amendment right to counsel, we must next determine whether the trial court improperly affirmed the

hearing officer's determination that the plaintiff refused to submit to the breath test pursuant to § 14-227b (f) (3). A license suspension hearing is limited to the determination of the four issues set forth in § 14-227b (f). *Volck* v. *Muzio*, 204 Conn. 507, 511–12, 529 A.2d 177 (1987); *Buckley* v. *Muzio*, supra, 200 Conn. 6–8; *Piorek* v. *DelPonte*, 28 Conn. App. 911, 610 A.2d 201 (1992). "In the context of a license suspension under the implied consent law, if the administrative determination of the four license suspension issues set forth in § 14-227b (f) is supported by substantial evidence in the record, that determination must be sustained." *Schallenkamp* v. *DelPonte*, 29 Conn. App. 576, 581, 616 A.2d 1157 (1992), aff'd, 229 Conn. 31, 639 A.2d 1018 (1994).

"As in any administrative appeal, the plaintiff bore the burden of proving that the commissioner's decision to suspend [the plaintiff's] . . . operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. . . . Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Citations omitted; internal quotation marks omitted.) *Schallenkamp* v. *DelPonte*, 229 Conn. 31, 39–40, 639 A.2d 1018 (1994).

The plaintiff claims that his actions did not constitute a refusal because he assumed that his *Miranda* rights, in particular his fifth amendment right to counsel, extended to the breath test. Although we have already established that the plaintiff's assumption concerning the scope of his *Miranda* rights was misplaced, we must determine whether the hearing officer's determination

that the plaintiff refused to submit to the test was supported by substantial evidence. Whether the plaintiff's actions constituted a refusal to submit to the breath test presents a question of fact; *Piorek* v. *DelPonte*, supra, 28 Conn. App. 911–12 (issue of fact whether motorist's request to consult with attorney before submitting to chemical test constituted refusal under § 14-227b); *Clark* v. *Muzio*, 14 Conn. App. 212, 214, 540 A.2d 1063, cert. denied, 208 Conn. 809, 545 A.2d 1105 (1988); and, therefore, our review is limited to determining whether the hearing officer's finding was supported by substantial evidence. See *Schallenkamp* v. *DelPonte*, supra, 229 Conn. 39–40.

At the administrative hearing, the plaintiff claimed that his actions did not constitute a refusal because he assumed that his *Miranda* rights extended to the breath test and the trooper did not dispel this assumption. As the trier of fact, however, the hearing officer was free to reject or to credit the plaintiff's testimony. *Bancroft* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 391, 400, 710 A.2d 807, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998). The trooper's report was offered into evidence at the hearing, and there is no evidence in the report that would indicate that the plaintiff seemed confused about the scope of the *Miranda* warnings. Moreover, in his report, the trooper stated that he construed the plaintiff's conduct as a refusal to submit to the breath test. " '[R]efusing' to take a breath test may be accomplished by a failure to cooperate as well as by an expressed refusal." *State* v. *Corbeil*, 41 Conn. App. 7, 19, 674 A.2d 454, cert. granted on other grounds, 237 Conn. 919, 676 A.2d 1374 (1996) (appeal dismissed upon death of defendant).

"In reviewing an administrative determination, we must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence

does not prevent an administrative agency's finding from being supported by substantial evidence. . . . Moreover, it is not the function of the trial court, nor of this court, to retry the cause. . . . [T]he determination of issues of fact are matters within [the] province [of the administrative agency]." (Citation omitted; internal quotation marks omitted.) *Schallenkamp* v. *DelPonte*, supra, 229 Conn. 41.

Because it is the hearing officer's function to determine issues of fact, we cannot say, simply because of the existence of conflicting evidence, that the record failed to contain a substantial basis from which the hearing officer could have concluded that the plaintiff refused to submit to the breath test. See id. We therefore affirm the judgment of the trial court because the record contains substantial evidence in support of the hearing officer's determination.

## II

The plaintiff next claims that § 14-227b violated his right to due process under the fourteenth amendment to the federal constitution[5] because this statute did not require the trooper to inform him that his *Miranda* rights did not extend to the breath test. Relying on the three part standard set forth in *Connecticut* v. *Doehr*, 501 U.S. 1, 11, 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991), the plaintiff claims that the failure of § 14-227b to require the trooper to provide such notice resulted in a deprivation of his operator's license without affording him procedural due process. We disagree.

As previously discussed, the plaintiff has no constitutional right to consult with counsel before deciding

---

[5] The fourteenth amendment to the constitution of the United States provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

whether to take the breath test. Therefore, no constitutional deprivation can arise from the failure of the statute to provide that a person must be advised that such is the case.

The judgment is affirmed.

In this opinion the other judges concurred.