[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Procedura1 Background
The plaintiff, Kathleen Wyatt ("Wyatt"), appeals the decision of the defendant, Commissioner of Motor Vehicles ("Commissioner"), suspending Wyatt's motor vehicle operator's license for one year. The Commissioner acted pursuant to General Statutes § 14-227b on the basis that Wyatt refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of driving while under the influence of alcohol. Wyatt appeals pursuant to § 4-183. The court finds the issues in favor of the Commissioner. CT Page 3738
The record reflects the following facts. On October 24, 1999, Meriden police were called to the scene of a serious accident in which two persons, traveling on a motorcycle, were injured when struck by an automobile driven by Wyatt. Wyatt explained to the officers that she had been attempting to take a left turn into a shopping center to buy cigarettes, but did not notice the motorcycle approaching her and struck it. Wyatt appeared sleepy and had slurred speech according to the police officers. She told them that she had "a couple beers,"[1] and she had the strong odor of alcohol on her breath. She agreed to field sobriety tests, but failed. At this point she was arrested and brought to the Meriden police station.
After having been given her "Miranda" rights, Wyatt refused to make any statement. She did agree, however, to take a chemical test of the alcohol content of her blood ("breath test"). Two officers were present while Wyatt attempted to take the breath test. She attempted to take the test ten times until the machine timed out with the notation "insufficient sample." She was allowed by the officers to take the test again fifteen minutes later, but again the test was unsuccessfully completed. The officers concluded that she was not cooperating and not following instructions.
On November 15, 1999, the Commissioner sent Wyatt a notice of suspension effective December 8, 1999, for one year. Wyatt requested a hearing which was held on November 23, 1999. At the hearing, Wyatt appeared with counsel. The hearing officer entered the A-44 with attachments without objection. Wyatt presented the only live testimony. On the same date as the hearing, the hearing officer issued a decision suspending Wyatt's license for one year.
At the hearing of November 23, 1999, Wyatt had introduced into evidence two letters written by a nurse practitioner. The first dated November 15, 1999, stated that on October 5, 1999, Wyatt was seen in her family practice for acute bronchitis and treated with an antibiotic. It was recommended that she stay out of work "for several days." The second letter dated November 23, 1999, explained that Wyatt had been diagnosed with bronchitis based upon shortness of breath, chest wall pain and cough. She was to stay out of work from October 11 to October 15, 1999. The letter concluded by noting that bronchitis is an infection-related inflammation of the bronchial airways. CT Page 3739
The Hearing Officer's Finding on Refusal is Supported bySubstantial Evidence
Wyatt raises one claim of error in this appeal: The hearing officer's finding that she refused to submit to the chemical testing violated the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq. and was clearly erroneous in light of the reliable, probative and substantial evidence in the whole record.
The hearing officer concluded that Wyatt had "refuse[d] to submit to . . . testing and analysis." General Statutes §14-227b (g) (3). The Appellate Court has held that "passive conduct" may constitute a refusal under the statute. Ellam v.Commissioner of Motor Vehicles, 47 Conn. App. 509, 512
(1998), citing State v. Corbeil, 41 Conn. App. 7, cert. granted, 237 Conn. 919 (1996). Whether such conduct "constituted a refusal to submit to the breath test presents a question of fact . . . and, therefore, our review is limited to determining whether the hearing officer's finding was supported by substantial evidence. . . ." (Citations omitted.) Altschul v.Salinas, 53 Conn. App. 391, 397 (1999).
Wyatt contends that the record shows that she tried to blow as hard as she could during the first series of ten attempts. During the second try at first she placed her mouth differently, at the end of the tube, to try to have a better result and then gave short, strong breaths hoping to accomplish an accurate result. This did not constitute a refusal, according to Wyatt, because she tried as hard as she could in the first test and, trying to follow the instructions as given by the, police officers, sought to comply during the second test.
The hearing officer certainly could have read the record differently. The two police reports in the record relating the course of the testing procedure indicate that Wyatt was informed at the outset of the testing procedure and that one officer demonstrated the procedure to her. Wyatt's efforts during the first test were described by one officer as not following his directors because she was not blowing as hard as she could. The other officer wrote that Wyatt was not making a proper seal over the tube. The officers' reports indicate that Wyatt did not follow directions at all during the second test by placing her mouth at the end of the tube and giving short breaths. Since she CT Page 3740 had been told twice how the machine functioned, the police officers could logically have concluded that there was a refusal here and the hearing officer could have so concluded as well. This conduct by Wyatt was not just the failure to provide an adequate breath sample. Cf. Bialowas v. Commissioner of MotorVehicles, 44 Conn. App. 702, 714-15 (1997).
Wyatt claims that the holding in Bialowas v. Commissionerof Motor Vehicles, supra, 715 (1997) is analogous here: "A conclusory statement by the arresting officer that the driver has failed to provide an adequate breath sample and has, therefore, refused, does not constitute such [substantial] evidence." The record discloses, however, that two officers gave a thorough description of the testing procedures in their reports and Wyatt's resistance; this is hardly the Bialowas situation. As inEllam, supra, 47 Conn. App. 516, "the arresting officer observed and noted that the plaintiff would not cooperate specifically with respect to providing sufficient breath for the second test. Unlike inBialowas, here there is no confusion as to the plaintiffs lack of cooperation."
Wyatt also contends that her health status must be taken into account. She states that the police did not know of her bronchitis and the possible effect on the breath test. This is true, although it should be noted that Wyatt admitted to the officers that the accident happened as she sought to purchase cigarettes. The fact that Wyatt was smoking cigarettes with bronchitis militates against the argument that her lung passages were too irritated to complete the breath test properly.
Wyatt further claims that the hearing officer should have made use of the nurse practitioners letters to find that Wyatt had a medical disability. These letters do not indicate that the test should not be taken for health reasons, as is required by General Statutes § 14-227b (1). At most, the letters indicate that Wyatt had a medical problem some days before the accident and the requested breath test. As Judge Hartmere has pointed out in Dore v. Salinas, Superior Court, Docket No. 492730 (May 18, 1999, Hartmere, J.) (24 Conn.L.Rptr. 584), appealed on May 28, 1999 (medical evidence presented at hearing): "Clearly, the hearing officer was entitled to "believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part.'Bancroft v. Commissioner of Motor Vehicles, 48 Conn. App. 391, 400, cert. denied, 245 Conn. 917 (1998); see also Settani v. Commissionerof Motor Vehicles, 48 Conn. App. 418, cert. denied, 245 Conn. 916 (1998)." CT Page 3741
As indicated, the issue here is whether the Commissioner's determination to suspend Wyatt's license is supported by substantial evidence in the record. Altschul, supra,53 Conn. App. 397, citing Schallenkamp v. Delponte,229 Conn. 31, 39 (1994). The court concludes, for the reasons indicated above, that substantial evidence of refusal does exist in the record and therefore the appeal is dismissed.
Henry S. Cohn, Judge