## GERARD TOMPKINS *v.* COMMISSIONER OF MOTOR VEHICLES
### (AC 19412)

Lavery, C. J., and Foti and O'Connell, Js.

Submitted on briefs September 15—officially released November 28, 2000

*Jeffrey D. Brownstein* and *Gregory A. Thompson* filed a brief for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, and *Robert L. Marconi*, assistant attorney general, filed a brief for the appellee (defendant).

*Opinion*

O'CONNELL, J. The plaintiff appeals from the judgment of the trial court dismissing his appeal from the

decision of the defendant commissioner of motor vehi-
cles (commissioner) suspending his license to operate
a motor vehicle pursuant to General Statutes § 14-227b
(b).[1] The plaintiff claims that (1) the court improperly
concluded that there was substantial evidence in the
record to support the finding that the plaintiff refused
to take a breath test and (2) he was denied due process
of law. We affirm the judgment of the trial court.

The following facts and procedural history are rele-
vant to the issues raised in this appeal. On November
17, 1998, the plaintiff was arrested in Colchester for
operating a motor vehicle while under the influence of
liquor in violation of General Statutes § 14-227a.[2] The
police officers transported the plaintiff to the Colches-
ter state police barracks where they advised him of his

[1] General Statutes § 14-227b (b) provides: "If any such person, having been
placed under arrest for operating a motor vehicle while under the influence
of intoxicating liquor or any drug or both or while his ability to operate
such motor vehicle is impaired by the consumption of intoxicating liquor,
and thereafter, after being apprised of his constitutional rights, having been
requested to submit to a blood, breath or urine test at the option of the
police officer, having been afforded a reasonable opportunity to telephone
an attorney prior to the performance of such test and having been informed
that his license or nonresident operating privilege may be suspended in
accordance with the provisions of this section if he refuses to submit to
such test or if he submits to such test and the results of such test indicate
that the ratio of alcohol in his blood was ten-hundredths of one per cent
or more of alcohol, by weight, and that evidence of any such refusal shall
be admissible in accordance with subsection (f) of section 14-227a and may
be used against him in any criminal prosecution, refuses to submit to the
designated test, the test shall not be given; provided, if the person refuses
or is unable to submit to a blood test, the police officer shall designate the
breath or urine test as the test to be taken. The police officer shall make
a notation upon the records of the police department that he informed the
person that his license or nonresident operating privilege may be suspended
if he refused to submit to such test or if he submitted to such test and the
results of such test indicated that the ratio of alcohol in his blood was ten-
hundredths of one per cent or more of alcohol, by weight."

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall
operate a motor vehicle while under the influence of intoxicating liquor or
any drug or both. . . ."

*Miranda*[3] rights, read him an implied consent advisory and gave him the opportunity to contact an attorney. Thereafter, the plaintiff agreed to submit to a breath test. The arresting officer explained the test to the plaintiff, specifying that he was required to take a deep breath and form a tight seal around the mouthpiece. The plaintiff failed to make a tight seal, took short breaths and released only short bursts of air into the machine. As a result of the plaintiff's actions, the allotted time on the machine expired, which prevented the officer from obtaining a sufficient sample for analysis.

Subsequently, the commissioner suspended the plaintiff's license to operate a motor vehicle for a period of one year.[4] The plaintiff requested and received an administrative hearing in which the commissioner, acting through his hearing officer, upheld the suspension. Pursuant to General Statutes § 4-183, the plaintiff appealed to the Superior Court, which dismissed the appeal on the merits.

I

The plaintiff contends that there was not substantial evidence in the record of his refusal to take the test. The state argues that although the plaintiff orally agreed to take a breath test, his subsequent conduct amounted to a refusal. Refusal to take a breath test can occur through conduct as well as an expressed refusal. See *State* v. *Corbeil*, 41 Conn. App. 7, 19, 674 A.2d 454, cert. granted on other grounds, 237 Conn. 919, 676 A.2d 1374 (1996) (appeal dismissed as moot because of death of defendant).

In *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 714–15, 692 A.2d 834 (1997), this court

---

[3] *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[4] The suspension was for a period of one year because the plaintiff was a repeat offender. General Statutes § 14-227b (i).

held that "where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute refusal within the meaning of § 14-227b. Such refusal must be supported by substantial evidence." The gravamen of the holding in *Bialowas* is that, without more, an officer's conclusory statement that an operator has failed to provide an adequate breath sample and has, therefore, refused, does not constitute substantial evidence. In *Bialowas*, the officer failed to furnish supporting evidence for his conclusion that the plaintiff in that case had refused to take the test.

In the present case, however, the court found that "[the plaintiff] was instructed to blow into the intoxilizer forming a tight seal around the mouthpiece, but continually failed to do so. He was also instructed to take an initial deep breath prior to blowing into the machine, but made no attempt to do so. [He was] observed taking short breaths and released very little air into the machine on each attempt he made. He then began to release short bursts of air into it, instead of continuous breath and the allotted time expired." The court also noted that the evidence before the hearing officer contained the police officer's observations that the plaintiff's chest and stomach did not rise or fall or exhibit any other indication of breathing and that no air was being expelled.

In the present case, as contrasted with the naked conclusion of the police officer in *Bialowas*, the officer furnished supporting details. Factual determinations of the commissioner must be upheld if there is substantial evidence in the record to support such a finding. *O'Rourke* v. *Commissioner of Motor Vehicles*, 33 Conn. App. 501, 506–507, 636 A.2d 409, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994). "An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue

can be reasonably inferred. . . . Such a standard of review allows less room for judicial scrutiny than does the weight of the evidence rule or the clearly erroneous rule. . . . In determining whether an administrative finding is supported by substantial evidence, a court must defer to . . . the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." (Citations omitted; internal quotation marks omitted.) *Bancroft* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 391, 400, 710 A.2d 807, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998).

Whether the plaintiff's actions constituted a refusal to submit to the test presented a question of fact, and, therefore, the trial court's review was limited to determining whether the hearing officer's finding was supported by substantial evidence. See *Altschul* v. *Salinas*, 53 Conn. App. 391, 398, 730 A.2d 1171 (1999).

Pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., the court may not substitute its judgment for that of the commissioner and must affirm the commissioner's decision unless it is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record . . . ." General Statutes § 4-183 (j).[5] In the present case, the court properly concluded that substantial evidence existed to support the commissioner's findings.

## II

The plaintiff also claims that he was denied due process of law because, when he was testifying, the hearing

---

[5] General Statutes § 4-183 (j) provides in relevant part: " The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."

officer asked him if he had ever taken a breath test before. The record shows that the plaintiff did not object to the question or the answer given. Accordingly, the plaintiff waived any objection he may have had to the question or answer. His failure to make a proper objection at the administrative hearing precludes him from raising the issue on appeal. See *Finkenstein* v. *Administrator*, 192 Conn. 104, 114, 470 A.2d 1196 (1984). Thus, we will not consider this claim.

The judgment is affirmed.

In this opinion the other judges concurred.