## HOLLY WOLF *v.* COMMISSIONER OF MOTOR VEHICLES
### (AC 21366)

Lavery, C. J., and Schaller and Peters, Js.

Argued February 26—officially released May 28, 2002

*Priscilla J. Green*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellant (defendant).

*Donald R. Beebe*, with whom were *Kristi Avery* and, on the brief, *Susan B. Carr*, for the appellee (plaintiff).

*Opinion*

PETERS, J. In this administrative appeal, the principal issue is whether the trial court properly set aside the suspension of a motor vehicle operator's license. The suspension arose out of the alleged refusal of the operator to submit to a chemical alcohol test subsequent to an arrest for operating a motor vehicle while under the influence of alcohol or drugs. Without hearing additional evidence, the court set the license suspension aside for lack of substantial evidence to support the finding of the administrative hearing officer. We reverse the judgment of the trial court.

The plaintiff, Holly Wolf, appealed to the trial court to contest the decision of the defendant commissioner of motor vehicles to suspend her motor vehicle operator's license for one year. The defendant imposed this sanction because of the plaintiff's refusal to submit to a Breathalyzer test in accordance with General Statutes § 14-227b.

The trial court reversed the defendant's decision. Although it concluded that there was substantial evidence to support the finding that the plaintiff had been driving under the influence of alcohol or drugs, it concluded that there was not substantial evidence to support the finding that she had refused to take the test. Accordingly, the court set the plaintiff's license suspension aside. The defendant has appealed.

The record before the hearing officer reveals that the suspension of the plaintiff's motor vehicle operator's license arose out of the following events. On January 4, 2000, after being involved in a two car accident, the plaintiff was arrested for driving under the influence of alcohol or drugs. At the scene of the accident, the arresting officer detected a strong odor of alcohol on the plaintiff's breath. The officer asked the plaintiff to look at his finger and to follow its movement, but the

plaintiff was unable to do so. When the officer asked the plaintiff to exit the vehicle, the plaintiff swayed and had to extend her arm for balance. The officer arrested the plaintiff and transported her to police headquarters.

At headquarters, the officer informed the plaintiff of her rights pursuant to *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and of the mandatory test to determine her blood alcohol content.[1] The plaintiff initially agreed to the test. The officer warned the plaintiff not to place anything in her mouth and attempted to administer the Breathalyzer test. At first, the plaintiff was unsuccessful in blowing sufficient breath for the test to register her blood alcohol content. The officer then noticed that the plaintiff had an object in her mouth, which he discovered was Nicorette chewing gum. He instructed her to remove it and waited thirty minutes to attempt to administer the next test.[2]

The plaintiff then stated that she was unsure whether she wanted to take the test. The officer told her that she was stalling and warned her that her unwillingness would be considered a refusal. She indicated that she wanted to contact her attorney. The officer reminded her that she already had been given an opportunity to do so. The plaintiff again stated that she was unsure about taking the test. The officer informed her that he considered all of her actions a refusal[3] and completed the driving under the influence processing.

---

[1] According to General Statutes § 14-227b (b), the test employed can be a blood, breath or urine test at the option of the police officer. The present case involves a breath test.

[2] Printed reports of test results from two Breathalyzer tests were included in the record. On the report of the first test, which was taken at 10:48 p.m., were the typewritten words, "Invalid test; Subject refused to continue," and the handwritten words, "Blew into machine." On the report of the second test, which was taken at 10:56 p.m., were the typewritten words, "Insufficient sample," and the handwritten words, "Object in mouth, Obs. for approx. 30 [minutes]."

[3] According to the police report, the actions that he considered to be a refusal included the plaintiff's evasive answers and lying to the officer at

On January 13, 2000, a notice of operator's license suspension for refusing to take the chemical alcohol test was sent to the plaintiff. The plaintiff requested an administrative hearing, which was held on February 25, 2000.

At the hearing, the plaintiff testified that, on the night of the accident, she had smoked fifteen cigarettes and five or six cigars. The plaintiff testified that she was coughing while she blew into the machine. The plaintiff also introduced into evidence a letter from her physician stating that the plaintiff's difficulty in performing on the tests "could have been due to: (1) [a]cute severe bronchospasm triggered by the cigars/cigarettes she smoked immediately prior to her accident; (2) coughing triggered by the required forced expiratory maneuver; [and] (3) acute anxiety in encountering law enforcement authorities." The police report completed by the arresting officer was admitted into evidence, but the officer did not testify at the hearing.

The hearing officer affirmed the suspension and made the following findings of fact and conclusions of law: (1) the police officer had probable cause to arrest the plaintiff for a violation specified in § 14-227b (b); (2) the plaintiff was placed under arrest; (3) the plaintiff refused to submit to a chemical alcohol test; and (4) the plaintiff was operating the vehicle.[4] Accordingly, the

the scene of the accident, the plaintiff's "inability/unwillingness" to complete the Breathalyzer test and the plaintiff's intentional stalling for time.

[4] In support of these findings, the hearing officer made the following subordinate findings: "With respect to the refusal issue, guidance is taken from *Rhodes* v. *Salinas*, [Superior Court, judicial district of New Britain, Docket No. CV 99 0495302S (September 13, 1999) (25 Conn. L. Rptr. 390)]. The [plaintiff] attempted to provide the first sample and was not able to provide sufficient breath. This may or may not have been due to her 'smoking binge,' as testified to. The first test is not in issue with respect to the refusal, the second test is. After the first sample, the [plaintiff] began to delay the process, waivered whether to contact an attorney (despite being given an earlier opportunity) and would not assent to the second sample. The officer advised her that her delaying as well [as] her untruthfulness would be taken as a refusal, and she declined to assent to the second sample.

hearing officer ordered the suspension of the plaintiff's operator's license for a period of one year. The plaintiff appealed to the Superior Court.

On appeal to the trial court, the plaintiff challenged the hearing officer's findings that she had refused to submit to the test and that she had been operating the motor vehicle. The court rejected the plaintiff's second challenge. With respect to the first, however, it held that there was not substantial evidence in the record to support the finding that the plaintiff had refused to take the test. The court sustained the plaintiff's appeal on that basis.

In its memorandum of decision, the court concluded that because the plaintiff did not refuse expressly to submit to the Breathalyzer test, her actions did not constitute a refusal to take the test under § 14-227b (c). The court recognized that the officer had filed a written report in which he had stated that the plaintiff's failure to complete the test was due to her "inability/unwillingness." That report was not substantial evidence, according to the court, because it was ambiguous and could have been clarified only if the officer had testified at the commission's hearing.

In this appeal, the defendant claims that the court improperly held that the evidence in the record did not support the hearing officer's finding that the plaintiff had refused to submit to a Breathalyzer test. The plaintiff not only disputes the defendant's claim but also

"At the hearing, the [plaintiff] testified to her binge smoking and medical inability to provide a sample. The [plaintiff] also produced a letter from a physician, which offers several possibilities as to an inability to provide sufficient breath. These are not persuasive as to the second sample, as the [plaintiff] never advised the officer that she had a medical condition that would prevent her performance of the breath test.

"The police officer properly deemed the [plaintiff's] delaying tactics as a refusal."

seeks reversal of the court's conclusion with respect to her operation of the motor vehicle.

We review the issues raised in this appeal in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. See *Dolgner* v. *Alander*, 237 Conn. 272, 280, 676 A.2d 865 (1996); *Buckley* v. *Muzio*, 200 Conn. 1, 3, 509 A.2d 489 (1986). In reviewing an administrative agency decision, a trial court must determine whether the agency's findings of basic fact are supported by substantial evidence in the record and whether the conclusions drawn from those facts are reasonable. *Murphy* v. *Commissioner of Motor Vehicles*, 254 Conn. 333, 343, 757 A.2d 561 (2000). "Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) Id.

The defendant claims that the trial court improperly determined that there was not substantial evidence in the record to support the hearing officer's finding that the plaintiff refused to submit to a Breathalyzer test. We agree.

The determination of whether the plaintiff's actions constituted a refusal to submit to a Breathalyzer test is a question of fact for the hearing officer to resolve. *Pizzo* v. *Commissioner of Motor Vehicles*, 62 Conn. App. 571, 581, 771 A.2d 273 (2001); *Altschul* v. *Salinas*, 53 Conn. App. 391, 397, 730 A.2d 1171, cert. denied, 249 Conn. 931, 761 A.2d 751 (1999). Judicial review of administrative fact-finding under the UAPA is governed by the "substantial evidence" rule. *Dolgner* v. *Alander*, supra, 237 Conn. 281; see also General Statutes § 4-183

(j).[5] "An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) *Dolgner* v. *Alander*, supra, 281. Such findings of fact or inferences reasonably drawn therefrom must be upheld unless the court finds them to be clearly erroneous in view of the whole record or arbitrary or capricious and, therefore, an abuse of the hearing officer's discretion. General Statutes § 4-183 (j).

In determining that there was insufficient evidence to support the finding of refusal, the court relied on the absence of an express refusal by the plaintiff. The court opined that the plaintiff's conduct, which included lying to the officer, stalling, stating repeatedly that she was unsure about taking the test and requesting to see an attorney, did not constitute a refusal.

We previously have held, however, that a refusal under § 14-227b need not be express. "Refusal to take a breath test can occur through conduct as well as an expressed refusal." *Tompkins* v. *Commissioner of Motor Vehicles*, 60 Conn. App. 830, 832, 761 A.2d 786 (2000); see also *State* v. *Corbeil*, 41 Conn. App. 7, 19, 674 A.2d 454, cert. granted on other grounds, 237 Conn. 919, 676 A.2d 1374 (1996) (appeal dismissed September 18, 1996). It was therefore not improper for the hearing officer to consider evidence of the plaintiff's conduct

[5] General Statutes § 4-183 (j) provides in relevant part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment . . . or remand the case for further proceedings. . . ."

in determining whether the plaintiff had in fact refused to submit to the test.

The trial court also relied on the results from two Breathalyzer tests in the record to show that the plaintiff had not refused to take the test. Because these results appeared to be contradictory to the hearing officer's finding of refusal, the court concluded that the finding was not supported by substantial evidence.

We are not persuaded for two reasons. First, the existence of contradictory evidence and the possibility of drawing two inconsistent conclusions from the evidence does not preclude an administrative agency's finding from being supported by substantial evidence. *Altschul* v. *Salinas*, supra, 53 Conn. App. 397–98, citing *Schallenkamp* v. *DelPonte*, 229 Conn. 31, 41, 639 A.2d 1018 (1994). The possibility that the trial court could have drawn a conclusion different from that drawn by the hearing officer does not necessarily mean that the evidence was insufficient to support the hearing officer's conclusion.

Second, the reports showing the results of two unsuccessful tests are not necessarily inconsistent with the hearing officer's conclusion that the plaintiff ultimately refused to submit to a test. In her subordinate findings,[6] the hearing officer found that there were two attempts to take a breath sample from the plaintiff. The first attempt, though insufficient, was not relevant to a finding of refusal because the plaintiff blew into the test apparatus. The hearing officer stated that the relevant sample was the second sample which, according to the police report, was attempted thirty minutes after the first sample. The hearing officer found that the plaintiff had refused to assent to that second sample. The reports in the record reveal that tests were taken at 10:48 p.m.

[6] See footnote 4.

and at 10:56 p.m. The 10:56 p.m. report indicates that, because the plaintiff had in her mouth an object, previously identified as Nicorette chewing gum, they would wait approximately thirty minutes before attempting another test. The record does not contain results from any subsequent tests. It is, therefore, not unreasonable to conclude that the two tests in the record were together evidence of the first attempt. The absence of any reports of subsequent tests supports the hearing officer's conclusion that the plaintiff refused to assent to a second test.

Finally, the trial court relied on *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 714–15, 692 A.2d 834 (1997). In *Bialowas*, we held that the record contained insufficient evidence to support the commissioner's finding that the plaintiff had refused to submit to a Breathalyzer test. Id., 715.

There is, however, a crucial distinction between *Bialowas* and the present case. The evidence at issue in *Bialowas* was a police report and narrative supplement that contained conclusory statements, without supporting details, that the operator had refused the test by failing to provide an adequate breath sample. We concluded that it was improper for the hearing officer to credit the police officer's conclusory statements without some supporting details about the police officer's observations. Id., 716–17. In the present case, however, the record is not barren of details. The police report contained detailed information about the officer's observations of the plaintiff's conduct. The officer recorded the plaintiff's exact actions and statements. The hearing officer had sufficiently detailed information to support the findings that she made.

We are persuaded that the absence of an express refusal by the plaintiff to take a Breathalyzer test does

not require the conclusion that there is not substantial evidence in the record, overall, to support the hearing officer's finding that such a refusal had occurred. In concluding otherwise, the trial court improperly assumed the role of fact finder and, thereby, exceeded the limited scope of judicial review authorized by the UAPA. We conclude that there was substantial evidence in the record to support the hearing officer's finding of refusal to take the Breathalyzer test.[7]

The judgment is reversed and the case is remanded to the trial court with direction to render judgment affirming the decision of the commissioner.

In this opinion the other judges concurred.

---

[7] The plaintiff claims that, even if there was substantial evidence to support the finding of refusal, the court improperly upheld the hearing officer's finding that the plaintiff had been operating the motor vehicle. We first note that the plaintiff should have raised this claim as a cross appeal pursuant to Practice Book § 61-8. Although not obligated to address this claim, we nonetheless express our disagreement.

In its memorandum of decision, the trial court relied on *Murphy* v. *Commissioner of Motor Vehicles*, supra, 254 Conn. 333. In that case, our Supreme Court stated that "there is no requirement that the fact of operation be established by direct evidence. . . . [S]ufficent evidence . . . may be found where the totality of the circumstances existing at the time of the plaintiff's arrest support[s] [such a finding] . . . ." (Internal quotation marks omitted.) Id., 345.

Reciting the relevant circumstances in the present case, the trial court indicated that "the record reveals the persons at the accident scene were directed by the officer to return to their cars. The plaintiff returned to her car and she was the only one in the car. She told the officer that at that time she was returning from work. In the officer's accident report, he identified the plaintiff as the driver of her vehicle." Like the trial court, we are persuaded that there was substantial evidence that the plaintiff had been operating her motor vehicle. The court, therefore, properly upheld the hearing officer's finding of motor vehicle operation.