[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant Commissioner of Motor Vehicles ("the department") suspending his license for one year. The plaintiff was arrested on January 19, 2002 by Shelton police officer Millington and taken to police headquarters. There he was read the implied consent form and refused to submit to a breath test. He was arrested and charged with a moving violation as well as driving while under the influence of liquor, § 14-227a (a). (Return of Record ("ROR"), Case/Incident Report.)
The department notified the plaintiff on January 25, 2002, that his license was suspended for one year, unless he requested a hearing. (ROR, Suspension notice.) The plaintiff requested a hearing and it was held on February 27, 2002. At the hearing Sergeant Alfred Tortora testified that on January 19th he had entered the booking room where Officer Millington was present with the plaintiff, and Sergeant Tortora offered breath tests to the plaintiff. The plaintiff stated that he was not taking any test. (ROR, Transcript, pp. 43-44.)
The hearing officer subsequently sustained the plaintiff's suspension, CT Page 10805 finding probable cause for both "arrest and refusal." (ROR, Decision, February 28, 2002.) See § 14-227b (g)(1) and (3). The decision was mailed by bulk mail on February 28, 2002. The plaintiff, aggrieved by his suspension, has appealed from that decision pursuant to § 4-183.
The department has moved to dismiss on the ground that service was not made within 45 days of the decision as required by § 4-183 (c). The marshal's return of service shows, however, that service was made on the department on April 13, 2002. The last day for service was April 14, 2002 (45 days from February 28, 2002). Therefore, the service was timely.
The plaintiff claims that the hearing officer erred in finding substantial evidence that he refused to submit to the breath tests. Based upon the testimony set forth above, the hearing officer could properly find substantial evidence in the record of an express refusal. Under the test set forth in Murphy v. Commissioner of Motor Vehicles, 254 Conn. 333,343 (2000), there is a substantial basis of fact from which the fact of an express refusal can be determined.
Since this is an express refusal, and not one implied by the plaintiff's conduct, the case of Bialowas v. Commissioner of MotorVehicles, 44 Conn. App. 702 (1997) is not applicable here. See Wolf v.Commissioner of Motor Vehicles, 70 Conn. App. 76, 82 (2002).
Therefore, the appeal is dismissed.
 _____________________ Henry S. Cohn, Judge