PATRICIA A. SANSEVERINO *v.* COMMISSIONER OF MOTOR VEHICLES
(AC 23781)

Schaller, DiPentima and McLachlan, Js.

Submitted on briefs September 19—officially released October 14, 2003

*Katrena Engstrom* filed a brief for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, and *Drew S. Graham*, assistant attorney general, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The plaintiff, Patricia A. Sanseverino, appeals from the judgment of the trial court dismissing her administrative appeal from the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license for one year for having violated General Statutes § 14-227b. On appeal, the plaintiff claims that it was improper for the court

to consider her conduct when the court concluded that there was sufficient evidence before the defendant's hearing officer to find that she had refused to take a chemical alcohol breath test. We affirm the judgment of the trial court.

The record before the hearing officer reveals that the suspension of the plaintiff's motor vehicle operator's license arose out of the following events. At approximately 2 a.m. on September 1, 2002, Officer Edward R. Lennon of the East Haven police department observed the plaintiff operating a motor vehicle in an erratic manner on several public roads in East Haven. After Lennon directed the plaintiff to the side of the road, he detected a heavy odor of alcohol about the plaintiff. When Lennon asked the plaintiff to perform field sobriety tests, she became verbally and physically abusive. Lennon arrested the plaintiff and took her to the police department. At the police department, the plaintiff was informed of her constitutional rights, read an implied consent advisory and afforded an opportunity to telephone an attorney, which she refused.

Lennon asked the plaintiff to take a breath test to determine her blood alcohol level and instructed her how to perform the breath test. The results of the first test indicted that the plaintiff's blood alcohol level was 0.225 percent. Prior to providing her sample for the first breath test, the plaintiff had to be warned not to grab the tube connected to the test instrument. When the second test was administered, the plaintiff failed to provide an adequate sample. Lennon instructed the plaintiff on the proper method of providing a sample by telling her to blow continuously into the tube until he told her to stop. The plaintiff became verbally abusive and accused Lennon of violating her rights and not having changed the mouthpiece of the test instrument. The plaintiff failed to provide an adequate sample for the third test. The plaintiff again accused Lennon of

violating her rights, refused to take the test and requested the services of an attorney. Lennon terminated the test. The plaintiff's refusal to submit an adequate sample for the breath test was witnessed by Sergeant H. Butler of the East Haven police department.

The defendant informed the plaintiff by notice dated September 9, 2002, that her operator's license had been suspended for one year, effective October 1, 2002. The plaintiff requested a hearing, and one was held on September 25, 2002. The hearing officer made a subordinate finding of fact that the evidence was sufficient to indicate that the plaintiff had refused to cooperate on the second and third attempts to administer the breath test and concluded, in part, that she had refused to submit to such test. The plaintiff appealed to the Superior Court. The court concluded that there was substantial evidence to support the findings of the hearing officer and dismissed the appeal. The plaintiff now appeals to this court.

The issues raised in this appeal are accorded the limited scope of judicial review accorded by the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. *Dolgner* v. *Alander*, 237 Conn. 272, 280, 676 A.2d 865 (1996); *Buckley* v. *Muzio*, 200 Conn. 1, 3, 509 A.2d 489 (1986). In reviewing the decision of an administrative agency, the court must determine whether the agency's findings of basic fact are supported by substantial evidence in the record and whether the conclusions drawn from those facts are reasonable. *Murphy* v. *Commissioner of Motor Vehicles*, 254 Conn. 333, 343, 757 A.2d 561 (2000).

"The determination of whether the plaintiff's actions constituted a refusal to submit to a Breathalyzer test is a question of fact for the hearing officer to resolve. *Pizzo* v. *Commissioner of Motor Vehicles*, 62 Conn. App. 571, 581, 771 A.2d 273 (2001); *Altschul* v. *Salinas*,

53 Conn. App. 391, 397, 730 A.2d 1171, cert. denied, 249 Conn. 931, 761 A.2d 751 (1999). Judicial review of administrative fact-finding under the UAPA is governed by the substantial evidence rule. *Dolgner* v. *Alander*, supra, 237 Conn. 281; see also General Statutes § 4-183 (j). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . *Dolgner* v. *Alander*, supra, 281." (Internal quotation marks omitted.) *Wolf* v. *Commissioner of Motor Vehicles*, 70 Conn. App. 76, 81–82, 797 A.2d 567 (2002).

This court has held that an operator's refusal to take a breath test pursuant to § 14-227b need not be express and that a hearing officer may consider the operator's conduct in determining whether she refused to take the test. "Refusal to take a breath test can occur through conduct as well as an expressed refusal. *Tompkins* v. *Commissioner of Motor Vehicles*, 60 Conn. App. 830, 832, 761 A.2d 786 (2000); see also *State* v. *Corbeil*, 41 Conn. App. 7, 19, 674 A.2d 454, cert. granted on other grounds, 237 Conn. 919, 676 A.2d 1374 (1996) (appeal dismissed September 18, 1996)." (Internal quotation marks omitted.) *Wolf* v. *Commissioner of Motor Vehicles*, supra, 70 Conn. App. 82.

The record here contains substantial evidence from which the hearing officer could have found that the plaintiff had refused to submit to the second and third breath tests. The court, therefore, properly dismissed the plaintiff's appeal.

The judgment is affirmed.