******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MATTHEW FERNSCHILD *v.* COMMISSIONER OF
MOTOR VEHICLES
(AC 39418)

Sheldon, Beach and Mihalakos, Js.

*Syllabus*

The plaintiff, who had been arrested for operating a motor vehicle while under the influence of intoxicating liquor, appealed to the trial court from the decision of the defendant Commissioner of Motor Vehicles suspending the plaintiff's motor vehicle operator's license for a period of six months, pursuant to the applicable statute (§ 14-227b), for his refusal to submit to a breath test to determine his blood alcohol content. The trial court rendered judgment dismissing the plaintiff's appeal, from which the plaintiff appealed to this court. *Held* that the record did not contain substantial evidence to support the finding by a hearing officer that the plaintiff had refused to submit to a chemical analysis of his breath; the record did not include the necessary factual recitation to support a conclusion that the suspension of the plaintiff's motor vehicle operator's license was based on substantial evidence, as the evidence before the hearing officer supporting a finding of refusal included only conclusions by the police officers that the plaintiff refused the breath test, and the record contained no description of the behavior, conduct or words of the plaintiff that led the officers to conclude that there had been a refusal, either expressly or by conduct.

Argued May 25—officially released October 24, 2017

*Procedural History*

Appeal from the decision of the defendant suspending the plaintiff's motor vehicle operator's license, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Schuman, J.*; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Reversed; judgment directed.*

*Devin W. Janosov*, with whom was *Donald A. Papcsy*, for the appellant (plaintiff).

*Drew S. Graham*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Matthew Fernschild, appeals from the judgment of the Superior Court dismissing his appeal from the decision of the defendant, the Commissioner of Motor Vehicles (commissioner), ordering a six month suspension of his license to operate a motor vehicle, pursuant to General Statutes § 14-227b,[1] for his refusal to submit to a chemical alcohol test. The plaintiff claims that the trial court improperly concluded that there was substantial evidence in the record to support the finding of the hearing officer that the plaintiff refused to submit to a chemical analysis of his breath. We agree and reverse the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of the appeal. On February 19, 2015, the plaintiff was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a.[2] Following the incident, Officer Brian Hamm of the Stratford police department prepared a report that included the following information. When Hamm arrived on the scene, the plaintiff's vehicle was disabled in a snowbank. Upon asking the plaintiff to place the vehicle in park and step out of the vehicle, Hamm observed that the plaintiff appeared confused. He asked Hamm and Sergeant Rosenbaum several times where he was. Hamm had to lean the plaintiff against his vehicle because of the plaintiff's inability to stand safely on his own. The plaintiff said that he had been playing tennis and, when asked where he was going, he responded, "tennis." Hamm noted that the plaintiff appeared to be under the influence of alcohol or drugs. Neither he nor Rosenbaum were able to detect an odor of alcohol at that time because of the cold weather.

Hamm and Rosenbaum then asked the plaintiff if he had any medical issues, and the plaintiff responded that he might be a diabetic. The plaintiff was "very disoriented," and said that he did not know where he was. Because of the plaintiff's inability to answer questions, Hamm requested that Stratford fire and emergency medical services respond to the scene. Another officer went to the plaintiff's residence to determine if his family was aware of any medical conditions affecting the plaintiff; the response was that the plaintiff had no known medical condition. The plaintiff was placed in the rear of the patrol vehicle to stay warm. After Hamm and Rosenbaum sat in the patrol vehicle for a few minutes, they were able to detect the odor of alcoholic beverages. Stratford fire and emergency medical services arrived at the scene and, after evaluating the plaintiff, "cleared [him] of any medical emergency." The plaintiff refused medical treatment.

Hamm did not conduct any field sobriety tests because of the inability of the plaintiff to stand and the

plaintiff's failure to cooperate in answering questions. The plaintiff was arrested and transported to the Stratford police station, where he was processed. According to Hamm's report, the plaintiff "refused to waive his rights and also refused to answer any questions in the postarrest interview. . . . [The plaintiff] was afforded the opportunity to call an attorney at [2:24 a.m.]. [The plaintiff] refused to submit to the breath test."

Pursuant to § 14-227b (c), Hamm completed an A-44 form.[3] He checked a box indicating that the plaintiff had refused to perform field sobriety tests and had refused to answer whether he had any physical illness or injury preventing him from performing the field sobriety tests. Hamm noted on the form that probable cause to arrest was based on the motor vehicle crash and the odor of alcoholic beverages on the plaintiff's breath. The second page of the form, as filled out by Hamm, indicated that the plaintiff had refused to answer questions or to take a breath test. Sergeant Anthony Rhew swore to a printed statement on the form that the plaintiff "refused to submit to such test or analysis when requested to do so. The refusal occurred in my presence and my endorsement appears below." A Breathalyzer test strip included in its printout the words "test aborted refusal."

On February 24, 2015, the commissioner sent a notice to the plaintiff to inform him of the suspension of his license pursuant to § 14-227b. On March 17, 2015, an administrative hearing was held before a hearing officer pursuant to § 14-227b (g). On the same day, the hearing officer issued a decision finding, in its entirety, that (1) the arresting officer had probable cause to arrest the plaintiff, (2) the plaintiff was arrested, (3) the plaintiff refused to submit to chemical alcohol testing, (4) the plaintiff was operating a motor vehicle and (5) the plaintiff was not younger than twenty-one years of age. The hearing officer ordered that the plaintiff's driver's license be suspended for six months.

The plaintiff appealed to the Superior Court from the commissioner's decision suspending his operator's license. In a written memorandum of decision, the court found that there was substantial evidence to support the hearing officer's finding of refusal. The court reasoned that although the "evidence does not provide detail as to the conversation between the officer and the plaintiff, there is no such requirement. . . . The fact that the record contains four separate references to the plaintiff's refusal [to submit to chemical alcohol testing], albeit without great detail, provides a substantial and corroborated basis to conclude that the plaintiff did, in fact, refuse, and that the references to his refusal are not fabricated or erroneous." The court also stated that the plaintiff's claim that a physical condition rendered a test inadvisable was inadequately briefed and, in any event, had no effect on the question of whether

the hearing officer's conclusion was based on substantial evidence. The court dismissed the appeal.[4] This appeal followed.

"The determination of whether the plaintiff's actions constituted a refusal to submit to a Breathalyzer test is question of fact for the hearing officer to resolve." *Wolf* v. *Commissioner of Motor Vehicles*, 70 Conn. App. 76, 81, 797 A.2d 567 (2002).

"In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. . . . Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld. . . . The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." (Citations omitted; internal quotation marks omitted.) *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 708–709, 692 A.2d 834 (1997).

"[D]ifficulties [are] inherent in ascertaining when a person is 'refusing' to submit to the breath test. 'Refusal' is difficult to measure objectively because it is broadly defined as occurring whenever a person 'remains silent or does not otherwise communicate his assent after being requested to take a blood, breath or urine test under circumstances where a response may reasonably be expected.' Regs., Conn. State Agencies § 14-227b-5." *Winsor* v. *Commissioner of Motor Vehicles*, 101 Conn. App. 674, 684, 922 A.2d 330 (2007). "Refusal to submit to a blood alcohol test may be established by one's actions or by verbally expressing one's unwillingness." *Pizzo* v. *Commissioner of Motor Vehicles*, 62 Conn. App. 571, 581, 771 A.2d 273 (2001).

The plaintiff claims that the hearing officer's determination that the plaintiff had refused to submit to a chemical alcohol test was not supported by substantial evidence. He argues that the record contained only mere conclusions of refusal without any underlying facts as to the plaintiff's verbal expressions or conduct supporting the conclusion of the hearing officer that the plaintiff had refused to submit to the Breathalyzer

test.[5] We agree.

The evidence before the hearing officer supporting a finding of refusal consisted, in its entirety, of the following: (1) the printout from the breath test, which reads "test aborted refusal," (2) the A-44 form, on which the box "test refusal" was checked in the section entitled "Chemical Alcohol Test Data," (3) the signature of Rhew, the witnessing officer, on the section of the A-44 form which reads "[t]he operator named above refused to submit to such test or analysis when requested to do so . . . [and] [t]he refusal occurred in my presence and my endorsement appears below," and (4) the case incident report, in which Hamm states that the plaintiff "refused to submit to the breath test."

This case is governed by principles expressed in *Winsor* v. *Commissioner of Motor Vehicles*, supra, 101 Conn. App. 674. In *Winsor*, the officer who had signed the statement on the A-44 form witnessing a refusal to submit to a chemical test testified before the hearing officer that she "witnessed" the refusal only on closed-circuit television. Id., 678. This court held that, in the absence of any legislative clarification, a witness had to be physically present in order to satisfy the requirement of the governing statute; thus, the A-44 form was inadmissible. Id., 682–88. There were three possible remaining sources to support the conclusion that the plaintiff in *Winsor* had refused to submit to the test: the printout reading "test refused," the officer's testimony that she "witnessed" the event via television, and the officer's narrative statements in his reports that the plaintiff refused to take the breath test. Id., 689.

In *Winsor*, this court observed that "[a]lthough all of these three sources of evidence indicate that the plaintiff refused to submit to the breath test, none provide any information about the circumstances supporting that conclusion. [No officer] described what behavior on the part of the plaintiff led [him or her] to infer that [the plaintiff] was refusing the breath test. Without any facts or details to buttress that inference, we have no basis on which to conclude that substantial evidence supports the hearing officer's determination." Id. Analogizing the case to *Bialowas* v. *Commissioner of Motor Vehicles*, supra, 44 Conn. App. 702, this court held that there had to be some factual recitation, rather than opinion or conclusion, to support a reviewing court's conclusion that the suspension was based on substantial evidence. *Winsor* v. *Commissioner of Motor Vehicles*, supra, 689–90.

The evidence before the hearing officer in the present case was similarly bereft of underlying factual information. It included only conclusions by Hamm and Rhew that the plaintiff refused the breath test. The record contains no description, however brief, of the behavior, conduct or words of the plaintiff that led the officers to conclude that there had been a refusal, either

expressly or by conduct.[6] Without any underlying evidentiary basis to support the inference of a refusal, we are constrained to conclude that there was not substantial evidence in the record to support the determination of the hearing officer that there had been a refusal.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the appeal of the plaintiff.

In this opinion the other judges concurred.

[1] Although § 14-227b was the subject of amendments in 2016; see Public Acts 2016, No. 16-55, §§ 6 and 7; Public Acts 2016, No. 16-126, § 17; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[2] General Statutes § 14-227a was amended by No. 16-126, § 3, of the 2016 Public Acts, which made changes to the statute that are not relevant to this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[3] "The A-44 form is used by the police to report an arrest related to operating a motor vehicle under the influence and the results of any sobriety tests administered or the refusal to submit to such tests." *Roy* v. *Commissioner of Motor Vehicles*, 67 Conn. App. 394, 396 n.3, 786 A.2d 1279 (2001).

[4] The court denied the plaintiff's motion to stay the suspension of his operator's license pending the outcome of the present appeal. See General Statutes § 4-183 (f).

[5] The plaintiff raises several arguments in support of his appeal. Because we agree with this argument, we need not address the remaining arguments.

[6] The only significant factual difference between the present case and *Winsor* is that in *Winsor* the A-44 form had been excluded, and in the present case the form may be considered by the reviewing court. The analysis in *Winsor*, however, is grounded in the necessity for some factual information, and the attestation of the witness to a statement on the form provides no greater level of factual support.

We note that the required level of evidentiary detail need not necessarily be voluminous; depending on the circumstances, brief description may suffice.